DYCKMAN and McCHAIN *vs.* KERNOCHAN and others.

An original bill cannot be sustained either by the parties or privies to a former
suit for an injunction to restrain proceedings under a decree in such suit.

An officer out of court has no right to allow an injunction to stay the proceed-
ings under a decree in such a case.

Where an order to stay the proceedings in a cause pending in this court is
proper the party must apply to the court upon petition.

January 28th.     THE bill was filed in this cause to set aside a decree ob-
tained by the defendants in this court against divers persons
who are not parties to the suit, and to restrain the present
defendants from carrying that decree into effect, upon the
ground that one of the former defendants died before the de-
cree. The master having allowed an injunction for that
purpose.

*B. F. Buttler,* for the defendants, now moved that the same
be dissolved ; upon the ground that there was no equity in the
complainants' bill to sustain the injunction.

*E. Livingston,* for the complainants.

THE CHANCELLOR. The present complainants do not
shew such an interest in the mortgaged premises as will au-
thorize them to interfere with the decree in the former suit.
Dyckman became the purchaser, pendente lite, of all the in-
terest of G. McChain in the mortgaged premises ; but it
does not appear that either he or S. S. Seymour, under
whom he claimed, ever had any interest in the premises de-
creed to be sold. Even if an interest existed in G. McChain
or his grantee, which rendered the decree irregular as against
that right after the death of the former, the assignee has not
pursued the proper course to correct the irregularity. This
is not a bill of review, and it is not the practice of this court
to permit an injunction bill to be filed, either by parties or
privies to the proceedings in a former suit, to restrain pro-
ceedings under the decree. The court can control its own
process and the proceedings of its own officers, without an
original bill being filed for that purpose.

The master went beyond his authority in allowing an injunction to restrain the defendants from carrying into effect a decree of this court. If any order was proper, the present complainants should have applied by a petition to the Chancellor. The injunction must be dissolved, with costs.