## SUPREME COURT.

REUBEN DEDERICK agt. HENRY HOYSRADT and others.

An *injunction* cannot now be issued in one action to stay the prosecution of another in this court.

If the commencement or pendency of one suit furnishes a reason for staying proceedings in another, an application should be made for a stay of proceedings,

And such application should be made in the suit in which proceedings are sought to be stayed; and upon notice, where the defendant has answered.

*At chambers, Dec. 27, 1849.*—This was a motion to vacate an injunction which had been granted by the county judge of Columbia. On the 4th day of January, 1839, Henry Hoysradt and Adam A. Hoysradt executed their bond to Aaron Vanderpoel, conditioned for the payment of $2500 with interest; and to secure the payment, John H. Hoysradt and

Sarah his wife, executed a mortgage upon their interest in a certain farm in Kinderhook. On the first of November, 1840, Vanderpoel assigned the bond and mortgage to William H. Reynolds, by whom it is still held. At the time of the execution of the mortgage, Henry Hoysradt was the owner, in his own right, of the one undivided third of the farm, and in right of his wife of another undivided third, subject to the right of dower therein of Anna Maria Hoysradt, the wife of John H. Hoysradt, and late the widow of Adam Shoemaker, who died seized of the whole of the farm. On the 18th of July, 1843, a decree in partition was made by which the share of Henry Hoysradt and his wife, in the farm was set off to them subject to the right of dower aforesaid.

On the first of November, 1848, Henry Hoysradt executed his bond to Theodore R. Timby, conditioned for the payment of $7000, and at the same time to secure the payment thereof executed, with his wife, a mortgage upon the premises, which had been allotted to him in the partition. On the 22d day of June, 1849, the plaintiff in this action became the assignee of the last mentioned bond and mortgage.

About the 1st of November, 1849, Reynolds commenced an action by summons and complaint, for the foreclosure of his mortgage, in which the plaintiff in this action was made a defendant. Reynolds being absent from the country, the plaintiff, on the 24th of November, called on Tobey & Reynolds, his attorneys, and tendered to them, on his behalf, the amount due on the mortgage and the costs of the suit, and demanded an assignment of the bond and mortgage, and consented to take such assignment from the attorneys at his own risk, and without any personal responsibility, and also to waive the liability of Adam A. Hoysradt on the bond. He also offered, if the attorneys would suspend the action, to deposit the amount with them, or give them any security they should require, if they would procure from Reynolds an assignment of the bond and mortgage. Various other propositions of a similar character were made to the attorneys of Reynolds; all which were declined by them, for the reason that they had no authority from Reynolds, except to collect for him the amount due upon the bond and mortgage. The plaintiff thereupon commenced this action, stating these facts in his complaint, and praying that William H. Reynolds, and his agents, attorneys and counsellors, might be restrained from further prosecuting his action for the foreclosure of his mortgage, and for the foreclosure of his own mortgage, and that the plaintiff be permitted to redeem the mortgage of Reynolds, and also for relief in other particulars. Upon this complaint the injunction was granted restraining Reynolds and his attorneys from further proceedings in the action for the foreclosure of his mortgage. A

motion was now made upon affidavits, on behalf of Reynolds, to vacate the injunction. Affidavits were read in opposition to the motion, but the facts as above stated are not materially varied by the affidavits.

J. GAUL, Jr., *for plaintiff.*

J. H. REYNOLDS, *for defendant W. H. Reynolds.*

HARRIS, Justice.—The only ground upon which Courts of Equity have ever interfered with proceedings in other courts, by allowing an injunction, is that equitable circumstances have existed, cognizable only in a Court of Equity, which rendered it unconscientious for the party enjoined to proceed in a court which had no power to grant the relief which the justice of the case demanded. This ground of jurisdiction can never exist when the proceedings sought to be arrested are in the same court to which application is made for the injunction. No instance can be found, in which a Court of Equity has interfered, by its writ of injunction, issued in one suit, to stay proceedings in another suit pending in the same court, unless such court, like the present Supreme Court, before the adoption of the·code, exercised both common law and equity powers, as distinct and independent jurisdictions, (*Dyckman* v. *Kernochan*, 2 Paige, 26 ; 1 Hoffman's Pr. 89 ; 1 Clarke, 307.) The proper practice in such cases is, to apply to the court for an order staying proceedings in the action. Since the distinction between actions at law and suits in equity has been abolished, so that in an action to enforce a strictly legal right a defence purely equitable may be interposed, I am not aware that any case can occur, in which it would be proper to interfere by injunction to stay proceedings. The commencement or pendency of one suit may furnish a reason for staying proceedings in another suit; but, if so, the application should be made in the suit in which the proceedings are to be stayed. In analogy to the former practice, which gave a defendant, who had appeared, a right to be heard before an injunction was granted against him ; and the provision of the 221st section of the code, which prohibits the granting of an injunction against a defendant who has answered, without notice, the plaintiff would be entitled to notice of an application to stay his proceedings. For these reasons I think the injunction was improperly allowed in this case, and it must be set aside with costs of the motion.

But as the plaintiff has made a case which would probobly entitle him to have the proceedings of Reynolds, in his action for the foreclosure of his mortgage stayed until he can bring this action to trial, upon such terms as shall be deemed equitable, the motion must be granted without prejudice to the plaintiff's right to move for such stay in that action.