464        NEW-YORK PRACTICE REPORTS.

New-York and New-Haven Railroad Co. agt. Schuyler

---

# SUPREME COURT.

THE NEW-YORK AND NEW-HAVEN RAILROAD COMPANY agt. ROBERT SCHUYLER and others.

The respective defendants in this action who had previously commenced actions against the plaintiffs, upon certificates of stock of the plaintiffs, issued by the defendant Schuyler, were *restrained by injunction* from the further prosecution of those actions, until the determination of this action, on the ground that the equity of the complaint in this action, resting on the allegation that the plaintiffs had ascertained that such certificates of stock held by the defendants were fraudulently issued by Schuyler, and were in fact of the class and description decided by the court of appeals (3 *Kern.* 599) to be *void*, was not denied nor impeached.

And further, that the omnibus suit (so called) having been brought by the plaintiffs against all the numerous holders of the spurious certificates, and sustained by the court of appeals, for the cancellation of *all* such spurious certificates, as clouds upon the title of the plaintiffs, it followed that the plaintiffs had a right to restrain by temporary injunction any action or proceeding against the plaintiffs founded upon any of such spurious certificates as genuine.

*New-York Special Term, June,* 1859.
MOTION for injunction.

WM. CURTIS NOYES, *for plaintiffs.*

J. E. BURRILL, JR., D. D. LORD, E. S. VAN WINKLE, S. B. H. JUDAH, W. H. DICKINSON, A. MANN, JR., W. M. EVARTS, F. B. CUTTING, and RAPALLO & CLARK, *for the several defendants.*

SUTHERLAND, Justice.　Having carefully examined the papers submitted in this matter, and duly considered the arguments of counsel and the authorities cited, I shall merely state the conclusions at which I have arrived.

*First,* That in the case of the *Mechanics' Bank* agt. *The New-York and New-Haven Railroad Company* (3 *Kernan,* 600), the certificates of stock made and issued by Robert Schuyler, beyond the $3,000,000 of capital stock limited and allowed by the charter, were void, whether in the hands of parties to whom they had been directly given or issued by Schuyler, or in the hands of *bona fide* transferees of such parties, and that no action against the company could be maintained *upon any of the certificates* constituting or representing such over issue ; and that the holders of such certificates were not entitled to any legal remedy or relief *founded on such certificates as valid ; or on the theory that the holders thereof were stockholders, or had the rights of stockholders.*

*Second.* That this decision, to the extent of holding that this over issue was absolutely void, even in the hands of a first taker from Schuyler, without notice and in good faith, was not overruled or materially impaired or modified, by the subsequent decision of the same court in the case of *Farmers' and Mechanics' Bank* agt. *The Butchers' and Drovers' Bank* (16 *N. Y. R.* 125), because, independent of the point or question of negotiability, there was this real difference between the two cases, arising from a difference in the acts and the consequences of the acts (if held valid) of the officers or agents of the two defendant corporations, as to which, and the effect and consequences of which, the questions in the two cases arose, viz. : In the first case the court could not have held that the defendant should not be permitted to deny the authority of Schuyler to make and issue certificates of stock beyond the $3,000,000 of capital stock, even for the purpose of compelling the defendant to respond in damages, on the theory that the over issue was genuine, without holding that an estoppel could and should operate to repeal even a legislative limitation ; whereas, to hold, in the case against the Butchers' and Drovers'

Bank, that the corporation was bound by the certificate of the teller in the hands of a *bona fide* holder, and should not be permitted to deny the truth of the fact certified by the teller, compelled the corporation to respond in damages for the false certificate of its officer, without involving any such extraordinary consequence or doctrine.

*Third.* That more recently the court of appeals in this case (the omnibus suit, so called), in deciding the questions raised by the demurrer of one of the defendants, Cross, to the complaint, not only took the view above expressed of their decision and its intent, in the case of the *Mechanics' Bank* agt. *The New-York and New-Haven Railroad Company*, but decided that the spurious certificates of stock, issued by Schuyler beyond the $3,000,000 of capital stock, were clouds upon the title of the genuine stockholders which a court of equity will remove, and that the corporation had properly instituted this action for the cancellation of *all* such spurious certificates, and had properly made parties defendant in the action *all the numerous holders of the spurious certificates.*

*Fourth.* That this action having been brought, and thus sustained by the court of appeals, for the cancellation of *all* such spurious certificates, the right of the plaintiff to restrain, by temporary injunction, any action or proceeding against the plaintiff, founded upon any of such spurious certificates as genuine, follows.

*Fifth.* The general term of this court having recently so held and decided, and on appeals by the plaintiff from several orders made at special term, dissolving the injunction which had been granted *pendente lite*, against all the defendants, except such as had commenced suits against the plaintiff prior to the commencement of this action, on account of certificates of stock and of stock transfers, alleged in the complaint in this action to be spurious and to have been unauthorized, having made several orders restoring such original injunction, no other or further injunction order is necessary or proper as to any of the defendants in this action, except those who had so commenced actions against the plaintiff prior to this action; and,

therefore, the order to show cause must be discharged, and this motion denied as to all the defendants in this action who were included in the original injunction granted by Mr. Justice CLERKE.

*Sixth.* As to the actions so commenced against the plaintiff in this action prior to the commencement of this action—having examined the pleadings in such actions, I have come to the conclusion that all of them were instituted and are proceeding in the various courts on the theory that the certificates and transfers of stock mentioned in the complaint in this action, and on or on account of which such actions were brought, conferred on the plaintiffs therein the rights of stockholders; and that the plaintiffs therein cannot recover, and are not entitled to the damages or relief claimed in *such actions,* if such certificates are of the class and character so pronounced by the court of appeals to be spurious and void.

It therefore, follows, from the decisions above referred to, that the defendants in this action, who thus commenced suits against the plaintiff in this action, prior to the commencement of this action, should be restrained from proceeding in such suits until the determination of this action, if the certificates of stock on or on account of which they were brought are in fact of the class and character pronounced by the court of appeals to be void.

*Seventh.* To which class of certificates made and issued by Schuyler, the void, or genuine, as settled by the court of appeals, the certificates on or on account of which such suits were brought against the plaintiff, belong, is the very question to be tried and determined in this action; and before such trial and determination on this question as to a temporary injunction, I have before-me only, as bearing on the question of the class or character of such certificates, the complaint in this action, the pleadings in the suits so commenced against the plaintiff, and the answers of the plaintiffs in such suits to the complaint in this action.

*Eighth.* Having examined these papers with care, I have come to the conclusion that neither the pleadings in such suits

468 NEW-YORK PRACTICE REPORTS.

New-York and New-Haven Railroad Co. agt. Schuyler.

against the plaintiff, nor the answers of the plaintiffs in such suits to the complaint in this action, deny or impeach the equity of the complaint in this action, resting on the allegation in the complaint that the directors and officers of the company, from an examination of the books of the company, and by other means stated in the complaint, had ascertained that such certificates were fraudulently issued by Schuyler, and are, in fact, of the class and description decided by the court of appeals to be void, in a manner which would authorize me to refuse an injunction staying such suits against the plaintiff on this ground. Even the more positive and certain allegations of the defendant, Cornelius Vanderbilt, in his answer, that his shares for which he held certificates, and which had been transferred to him on the books of the company, were genuine, and a portion of the capital stock of the company, must be taken to be so far qualified by the very nature and circumstances of the case as to be deemed to be founded and made either as a conclusion of law or on information and belief only.

*Ninth.* I have no doubt of the power and jurisdiction of this court to restrain the proceedings in actions in other courts; an injunction to that effect operating not upon such other court, but upon the party in the action.

*Tenth.* My conclusion is, that the facts of the case and the decision of the courts before referred to call upon me to grant this motion for an injunction as to the defendants in this action who commenced such action against the plaintiff prior to the commencement of this action. But as the actions of Cornelius Vanderbilt, the president, directors and company of the Mechanics' Bank, and by the defendants composing the firm of Dennistoun, Wood & Co., are at issue, such injunction as to them cannot issue until the plaintiff in this action execute bonds to the plaintiffs in such several actions, with two sufficient sureties, to be approved as to form and sufficiency by a justice of this court, conditioned as required by the provision of the statute (2 *Rev. Stat.* 189, § 70), and severally in the penal sum next hereafter specified ; such bonds to be executed

and delivered within six days after the entry of the order for such injunction.

*Eleventh.* The bond to Cornelius Vanderbilt is directed to be in the penal sum of one hundred thousand dollars; the bond to the defendants composing the firm of Dennistoun, Wood & Co. in the penal sum of fifty thousand dollars; and the bond to the Mechanics' Bank in the penal sum of fifteen thousand dollars.

*Twelfth.* In case the plaintiff in this action shall neglect to prosecute the same with due diligence, any of the defendants herein may apply for a discharge or modification of this order upon due notice, or for such other relief as they may be advised.

*Thirteenth.* The costs of this motion, to the amount of ten dollars to each party who appeared separately therein, are to abide the event of this action.