## SUPREME COURT.

RICHARD SCHELL agt. THE ERIE RAILWAY COMPANY and others.

The supreme court has no power to grant an *injunction order* in one action, staying proceedings in another action pending in the same court; nor in another court having full jurisdiction over the subject matter.

*New York General Term, April,* 1868.

*Before* INGRAHAM, CARDOZO *and* BARNARD, *Justices.*

THIS appeal is taken from an order made the 19th of March, 1868, by Justice BARNARD, appointing a receiver.

. The action was commenced originally against some of the defendants; afterwards, on the 14th of March, 1868, an order to show cause was granted, returnable forthwith, why a supplemental complaint should not be filed, and why a receiver should not be appointed of the proceeds of fifty thousand shares of stock, &c. These papers were served on Mr. Skidmore, one of the defendants, and a director of the Erie Railway Company, in court, and the motion was immediately brought on, and no one appearing to oppose, was granted, and a receiver was appointed.

Previous to the hearing of this motion, a suit had been commenced in another district, upon which an injunction was obtained restraining among others, this plaintiff from proceeding with his action, and from obtaining any appointment of a receiver therein. This injunction was served on Schell on the 18th of March, as appears by the affidavit.

On the 16th of March, 1868, an order was made by Mr. Justice BARNARD, founded on the order of Mr. Justice CLERKE, requiring the Erie Railway Company to show cause on the 19th of March, before him, why the appointment of the 14th of March should not then be perfected, and a further order made as to the receiver, and why the order of Justice CLERKE

should not be vacated. Upon the return of· this order, the order of 19th of March was made deciding that the order of Justice CLERKE should not be held to stay the plaintiffs' proceedings; that the motion to vacate the appointment of a receiver be denied, and that the stay of proceedings in the order of Justice CLERKE should be vacated. He also gave the plaintiff leave to file a supplemental complaint; ordered the appointment of a receiver, and made other provisions as to security and accounting. From this order defendants appealed to the general term.

JOHN E. BURRILL, D. D. FIELD, JAMES T. BRADY, *for appellants.*

CHARLES A. RAPALLO, CHARLES O'CONOR, *for respondents.*

INGRAHAM, J. The view I entertain of the proceedings in this case renders an examination of the merits unnecessary on this appeal.

The first order of the 14th March does not appear to be relied on for sustaining the appointment of the receiver. It was made in court on an order issued there and served on a director in court, who was at that time in the custody of the sheriff, and who could not therefore have the opportunity to confer with the officers of the company, or prepare the necessary papers, or adopt any measures to show cause against the application. Such a service cannot be considered a proper service upon the company. When the law provides for serving papers on any officer of a company, it must intend that a reasonable time shall be allowed such officer to place the papers in the possession of those whose duty it is to protect the company from the measures intended to be taken against it. Without such time it is evident that any company may be deprived of its rights and property.

I do not mean to deny that a judge may not in a proper case

make an order returnable before him forthwith, when the parties are before him and can be then served, but under ordinary circumstances such a course of proceeding is not desirable.

This order, however, was not relied on, and the order of the 16th March appears to have been made for the purpose of perfecting the appointment of the receiver then made. On the return to this order, the order appealed from was made. No objection is made to want of notice on this last motion, and the only difficulty in the way of sustaining it is the order of Mr. Justice CLERKE in the case of the *Erie Company and Whitney* agt. *Vanderbilt and others.*

This order stayed the plaintiffs' proceedings, and if not properly vacated all such proceedings were irregular and should be set aside. The order of Justice BARNARD to show cause why the stay of proceedings should not be vacated, would have been sufficient to justify him in vacating such stay if the action had been in this district, but there is nothing in that order which warranted the portion of the order of the 19th March, which denied the motion founded on the order to show cause granted by Mr. Justice CLERKE. No Such object was contemplated by the order to show cause of 16th March, but a mere modification of the stay of proceedings therein contained.

The great difficulty, however, lies in the fact that the action in which that injunction was granted was brought in the seventh district. In all actions triable in any other district than the first, the judges of this district have no authority to hear motions within the first district. The four hundred and first section of the Code, subdivision four, provides that "motions upon notice must be made within the district in which the action is triable, or in a county adjoining; and no motion upon notice can be made in the first judicial district in an action triable elsewhere." This section forbids the hearing of any such motion in this district in an action

pending in the seventh district, and would make the decision on that order a nullity.

Two grounds are relied on to take this out of the above provision. One is, that the order of Justice CLERKE, staying the plaintiffs' proceeding, may be disregarded by the court when the case was before them, and the other that such an order staying proceedings in another action pending in the same court is irregular and without any force. I think neither ground is sufficient. The court may disregard such an order if, on hearing a cause, it should see fit to do so, although, as between judges of the same court, such a course of proceeding is not desirable. But the party to the suit is enjoined, and not the court. Such party has no right to apply for any order while the injunction is in force, except to vacate it, and the power to vacate it did not rest with a judge in the first district. He stills remains subject to its restraint, and any application by him in violation of it makes his proceeding irregular. Such injunction acts not upon the court but on the party. (*New York and New Haven Railroad Company* agt. *Schuyler*, 17 *How. Pr. R., p.* 464.)

Even if erroneously granted the injunction should be obeyed until vacated. (*People* agt. *Sturtevant*, 5 *Selden* 263; *Moat* agt. *Holbein*, 2· *Edw.* 188; *Peck* agt. *York*, 32 *How. Pr. R.* 408.) It is also suggested that it was irregular in Judge CLERKE to stay proceedings in another action in the same court. Whether it be so or not, is not necessary for me to decide. The experience in this litigation shows that it does not tend to a due administration of justice. There would have been no difficulty at first for the defendants to do as they did on this motion now under consideration, to have appealed from the first order that was made, and obtained a stay in the meanwhile. Such a course would have protected all the parties, and avoided much of the confusion which has arisen from conflicting orders obtained from different judges in the same court.

This order having been made while the injunction was in

full force in the action brought by Whitney, and that injunction still remaining in force, made the act of the plaintiff in this suit, in applying for a receiver, irregular, and the order should on that account be reversed.

*By the court,* CARDOZO, J.   The opinion of Mr. Justice INGRAHAM concedes that "the only difficulty in the way of sustaining" the order made by Mr. Justice BARNARD, on the 19th of March, "is the order of Mr. Justice CLERKE, in the case of *The Erie Railway Company and Whitney* agt. *Vanbilt, &c.;*" and therefore, although I have considered the whole case, it will only be necessary for me to express my views upon this one matter, to show that, in my judgment, the order appealed from should be affirmed.

I am of opinion that the order of Judge CLERKE was absolutely void, and, consequently, that anybody might lawfully disregard it.

The plaintiff in this case brought his action in this court against the Erie Railway Company and others, and obtained an injunction from Mr. Justice BARNARD, in this district. After various proceedings in the action, the Erie Railway Company and Whitney bring a suit against Mr. Schell and others, laying the venue in Steuben county, and obtained from Mr. Justice CLERKE, of this district, an injunction stopping the cause of the plaintiff, restraining the clerk of the court from entering an order made by one of the judges, and not only forbidding the prosecution of this and other suits by this plaintiff and others named, but directing that any other person who might *thereafter* bring an action of the like nature, or intended to accomplish the object sought to be obtained by this suit should, upon notice of that order of injunction, desist and refrain from further prosecuting the same.   An injunction which, whether considered with reference to the singularity and extent of its provisions, or the circumstance of it being issued by a judge of this district, in an action triable in Steuben county, I venture to assert has

no precedent in the books. I do not stop to inquire why those who wished to bring an action in Steuben county were not told to go to that district for any preliminary order, instead of having it granted to them by a justice of this district. Certainly that would have been the ordinary course, it having hitherto been considered that the justices in this district had quite enough occupation without interfering in suits triable in other districts; and a departure from the general practice might reasonably provoke remark and inquiries, which, however, I do not deem it right or worth while to pursue. The real question is, was that injunction a valid exercise of judicial power, or was it a void act. No such jurisdiction was exercised by the court of chancery in this state, in respect to a cause pending in that court. This question was pointedly presented and determined in two cases: *Smith* agt. *American Life Insurance and Trust Company* (*Clarke Ch. R. p.* 307); *Lane* agt. *Clarke* (*Id.* 309).

In laying down the rule that an injunction would not be granted by the court of chancery to stay a suit in that court, Vice Chancellor WHITTLESEY, in the case first above mentioned, said: "If a contrary rule should be adopted, it would be difficult in some cases to foresee any termination to litigation;" an apprehension which the present extraordinary proceedings show was very well founded.

The vice chancellor further said, and I cite it to show how unnecessary the course pursued in this case was, and how simple the proper procedure would have been: "This rule will not work any injury. A party, privy or even a stranger to the pending suit, is not without redress. He may apply by petition in the original cause, for such an order as the case made by his petition will entitle him to." Again, in *Lane* agt. *Clarke* (*supra*), the vice chancellor said: "Proceedings in this court will not be restrained by injunction issuing out of this court upon a new bill, whether filed by a party privy or stranger to the old bill. The only mode is to apply by petition for an order."

. The jurisdiction of the court of chancery to restrain proceedings in other courts, acting, of course, upon the parties to the litigation, and not the courts, is undoubted; but that . is a very different thing from enjoining the parties from prosecuting the suit in the court of chancery itself. Such an absurdity as, in effect, to enjoin itself, the cases above cited show that the court of chancery in this state would not commit.

The question of the jurisdiction of one court to enjoin proceedings pending in another arose in the superior court of this city, after the adoption of the constitution of 1846, in the case of *Grant* agt. *Quick* (5 *Sand. S. C. R. p.* 612). Judge DUER said: "The only ground upon which the court of chancery formerly acted in granting an injunction in cases like the present was the inability of the court of law in which a suit was pending to grant the necessary relief; but, as, since the Code, the jurisdiction of all our courts is equitable as well as legal, or more properly, as the distinction between legal and equitable, except in reference to the nature of the relief demanded, is now abolished, the reasons by the exercise of a power always invidious, and frequently abused, could alone be justified, have ceased to exist, and have left a case to which the maxim emphatically applies, "*cessante ratione, cessat etiam lex.*" He proceeds to show that the court of common pleas, in which the action sought to be enjoined was pending, had complete power to give relief to the parties, and then says: "The previous jurisdiction which that court has acquired I have no right and will not attempt to disturb." This case decides that the necessity for the exercise of the right to enjoin a suit in another court having ceased, the law—the jurisdiction—to do so also ceased. And that case was communicated by Judge DUER to the judges of the supreme court in the first district, the judges of the court of common pleas, and to the judges of the superior court, at a consultation held by all of them, and unanimously approved. It will be difficult for the courts

thus concurring to maintain that jurisdiction exists any longer in one court to enjoin the proceedings in a suit in another court having full power to hear and determine the whole litigation, and to protect the rights of all parties connected with it.

This really disposes of the present case; for there can be no pretence that the supreme court, from the moment Mr. Schell's suit was commenced, had not full jurisdiction, and indeed it is that very jurisdiction which is sought to be invoked by the parties who obtained the injunction from Judge CLERKE.

The constitution of 1846, designing to blend legal and equitable remedies within one jurisdiction, abolished the court of chancery and created one court, termed the supreme court, having general jurisdiction at law and in equity; consisting of many judges, but all constituting but one court; and when either judge acts judicially the court acts. In that court Mr. Schell brought his suit against the Erie Railway Company and others, and an injunction which should prevent his appearing at the bar of the only tribunal to which he could apply for relief, would be, as it was aptly termed by the distinguished counsel for the respondents, "a monster in jurisprudence." Everybody interested could, on motion, have been made a party to the suit made by Mr. Schell, and all the relief that any one was entitled to could have thus been obtained.

The theory that by bringing another suit, and simply laying the venue in a different county, the court could be divided up so as to enable one branch of it to enjoin suitors from proceeding in another branch of it, is entirely inconsistent with the existence of but one court which the constitution created. That court, in the very nature of things, has no power to enjoin a suitor in it from asking to be heard, and every attempt to do so is simply and only void.

The idea that a cause, by such manœuvres as have been resorted to here, can be withdrawn from one judge of this

court and taken possession of by another; that thus one judge of the same and no other power can practically prevent his associate from exercising his judicial functions; that thus a case may be taken from judge to judge, whenever one of the parties fears that an unfavorable decision is about to be rendered by the judge who up to that time had sat in the cause; and that thus a decision of a suit may be constantly, indefinitely postponed, at the will of one of the litigants, only deserves to be noticed as being a curiosity in legal tactics, a remarkable exhibition of inventive genius and fertility of expedients to embarrass a suit, which this extraordinarily conducted litigation has developed.

For these, among other reasons, I think the injunction of Mr. Justice CLERKE absolutely void, and no impediment to the order of Mr. Justice BARNARD.

I have not overlooked the remark of the eminent senior counsel for the appellants, that "the due order of judicial proceedings is involved." I really think it is. No one who reviews the proceedings in this litigation can fail to see that, unless the view I have taken of the question be sound, almost endless litigation and inextricable confusion may be created in nearly every case of any importance; and above all, that if judges of the same court, instead of leaving each case to its "due order of proceedings," shall countenance efforts to circumvent and defeat the orders and decisions of each other, the court itself will soon justly forfeit the confidence of the public, fall into disrepute, and its usefulness be seriously impaired, if not wholly destroyed. Such a practice as that disclosed by this litigation, of judges sanctioning attempts to counteract the orders of each other in the progress of a suit, I confess, is new and shocking to me. It had no existence in the practice of the court of which I was recently a member, where the judges are not only gentlemen, having confidence in each other—never ascribing improper motives in judicial action to either of their associates, and never permitting any one to impute such to either

before the other—but are scrupulously careful that the conduct of every legal proceeding shall be "due and orderly;" and I trust that we have seen the last, in this high tribunal, of such practice as this case has exhibited.

No apprehension, real or fancied, that any judge is about, either innocently or willfully, to do a wrong, can palliate, much less justify it. For any such wrong there are abundant means of redress, and to those, unaided by judges in such artifices as have been attempted in these proceedings, everybody should be left to resort.·

The order appealed from should be affirmed.

BARNARD, P. J., concurred.