Johnson, J.
The note or due bill, the prosecution and collection of which the plaintiff seeks in this manner to prevent, was, as appears by the complaint and answers in the action, given by the plaintiff to the de *39 fendant Steigler as part of the purchase price of certain real estate in the city of New York, and in part performance of the contract, wherein the defendant Steigler was vendor and the plaintiff purchaser.
It is quite apparent, that the most direct and effectual mode of defeating the collection of that note is, and must be, by defending the action brought by the payee to enforce it. The complaint in this action wholly fails to show that there is any obstacle whatever to a complete' and perfect defense to the note, in that action, if there is any foundation in fact for such defense. It is well settled by repeated and uniform decisions, that a temporary injunction in one action, to restrain the prosecution of another action in the same court previously commenced, cannot be maintained or upheld (1 Hoffman Ch. Pr., 89, and note 2; Dyckman v. Kernochan, 2 Paige, 26; Grant v. Quick, 5 Sandf., 612; Smith v. American Life Insurance & Trust Co., 1 Clarke, 307; Dederich v. Hoysradt, 4 How. Pr., 350; Hunt v. Farmers’ Loan & Trust Co., 8 Id., 416; Foot v. Sprague, 12 Id., 358; Bennett v. Le Roy, 14 Id., 178; Arndt v. Williams, 16 Id., 244; Schell v. Erie Railway Co., 51 Barb., 368).
The last case cited holds such an injunction order void absolutely when issued in an action pending in a different judicial district from the one in which the action sought to be arrested is pending. This, perhaps, is stating the rule too strongly. But the general rule undoubtedly is, that such an injunction cannot be sustained if the party enjoined moves to vacate the order.
An exception to this general rule is made in cases like that of New York & New Haven Railroad Co. v. Schuyler (17 How. Pr., 464; S. C., again, 8 Abb. Pr., 240), where a great number of individuals are prosecuting separate actions, each involving the same subject matter and the same question, and one action is brought by a party in behalf of himself and all others *40 interested, to settle the whole controversy and dispose of the rights of all. In snch a case, it seems that all the separate, plaintiffs may be made defendants in the one action, and enjoined from prosecuting their respective actions, in order to avoid a multiplicity of suits, and relieve from burdensome and oppressive litigation'. But this is no such case, and does not fall within the exception.
The second action here only creates and enhances the very evil which the exception to the general rule was intended to remedy and prevent. This action is manifestly wholly unnecessary. If the due Tbill in question is invalid as an obligation against the plaintiff, it is so by reason of the fraud of defendant Steigler, or his alleged agent, Lowenstein, in making the contract which formed its consideration, or the failure of consideration by reason of Steigler being unable to perform* according to the terms and conditions of such contract. It requires no argument to prove that both these questions may be most readily and conveniently litigated in the action to recover on the note. If the contract may be avoided by reason of Steigler’s fraud, or if it has been broken by him, it might be so adjudged, conclusively between the parties thereto, in that action, and the contract be finally rescinded and ended. Taking the complaint in this action in its broadest scope to be entirely true, it does not raise even a mist of doubt on that question.
But if this were not so, and if could be fairly said,' that it is made to appear, by the allegations in the complaint in this action, that there was a necessity on the part of the plaintiff, for his more perfect relief and protection, to bring this action, and make Lowenstein and the attorney of Steigler in the other action parties, even then an injunction in this action to restrain the prosecution of the other is not the proper practice.^ The correct practice in such case is to move in the other action *41 upon affidavit or petition for a stay of prosecution therein, until the new action can be tried, and determined. This is the settled practice in such cases. The court will always, by an order in an action pending, stay proceedings therein, upon application, on its being made to appear that there is another action also pending between "the same parties, or between them and others, in which all the questions involved in the first action can be more effectually and completely tried and determined.
The provisional remedy by temporary injunction is not appropriate in such a case.
In addition to all this, the defendants Steigler and Lowenstein have, by answer under oath, fully and squarely denied all the equities alleged in the complaint, which is alone sufficient to entitle them to have the order vacated.
As to the defendant Crooks, no reason is alleged in the complaint for making him a party. Nothing is alleged against him except that he was discharging his duty as an attorney in prosecuting the action for the recovery of the money apparently due upon the note or due bill in behalf of the payee thereof. . It certainly was not necessary to make him a party, for the purpose of making the injunction order effectual upon him, and no relief is demanded against him.
The practice of bringing an attorney of this court in, as a party, to an action under such circumstances, cannot be countenanced or tolerated.
The injunction order must, therefore, on all these grounds, be vacated, and the injunction dissolved, with ten dollars costs of motion.