THE ERIE RAILWAY COMPANY, Respondent, *v.* JOSEPH H. RAMSEY, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, SEPTEMBER, 1870.)

An injunction order issued by this court to restrain proceedings in another suit in the same court, is irregular, but is entitled to obedience, after service, until set aside.

Where the defendant disobeyed an injunction order, acting *bona fide* upon advice of counsel that the same was void.—*Held*, that the disobedience was not willful, and that punitive damages had been improperly awarded upon proceedings for contempt.

And the fine imposed in such proceedings was modified, so as to cover merely the costs incurred in enforcing obedience to the injunction.

THIS action was brought for the purpose of preventing the defendant, Ramsey, and others, from taking any further proceedings in an action in which Ramsey was plaintiff, and the Erie Railway Company and others were defendants, and from taking other proceedings in any other suit for a similar purpose, and for other relief.

An injunction was granted restraining the defendants "from proceeding any further in the action in which Joseph

II. Ramsey was plaintiff, and the Erie Railway Co., Jay Gould and others, were defendants, and from commencing any other actions for a similar purpose," and from doing other matters not material to be referred to.

This action was commenced in a different district from that in which the former action was pending. The injunction was served on the defendant, Ramsey, on the 26th November, 1869. On the 4th of December, papers on behalf of the plaintiff, Ramsey, were served on defendant's attorney, including copies of affidavits, an order for substituted service on some of the defendants, and an order to show cause at a subsequent day, why the order theretofore granted in the cause should not be continued. On the hearing of this motion, the orders asked for were granted by the court. On the 6th December, an order was granted in this action, requiring Ramsey to show cause why he should not be punished for contempt, and on the hearing of that motion, he was adjudged guilty of a contempt in disobeying the injunction order, and a referee was ordered to ascertain the damages. A report was made by the referee, that the damages sustained by the plaintiffs were $5,325, which report was confirmed, and a fine to that amount was imposed, from which order the defendant appealed.

*David D. Field,* for the respondent.

*Henry Smith* and *R. W. Peckham, Jr.,* for the appellant.

Present—INGRAHAM, P. J., CARDOZO, J

By the Court—INGRAHAM, J. There are some propositions connected with proceedings to punish for a contempt in disobeying the order of a court, which are well settled, and which are necessary to a right disposition of this appeal.

The first is, the propriety of the order disobeyed, is not to be reviewed on this appeal. (*Grim* v. *Grim,* 1 E. D. Smith, 190.)

2d. Upon a motion to punish for the violation of the injunction, the court will not examine the merits of the case, nor permit a defendant to disobey an injunction regularly issued, whatever may be the final decision thereon.   (2 Paige, 326.)

3d. Even an erroneous order must be obeyed until set aside by the court, if the court has jurisdiction to grant the order.   (9 N. Y., 263.)   If the court has jurisdiction to grant the order, it is the duty of the party to obey it (id.), and the only remedy the party enjoined has, is to appeal from the order.   (18 Abb., 245.)

These principles, which are well settled, dispose of so much of this appeal as seeks to reverse the order adjudging the defendant guilty of contempt because the original order was erroneous.   It only remains, therefore, to inquire whether the court had jurisdiction to grant the injunction, and whether the defendant in the motion to punish him for contempt, showed any excuse to relieve him from punishment.

The question of jurisdiction to grant such an injunction has been examined by the General Term of this district in *Shell* v. *The Erie Railway Co.* (51 Barb., 368).   There it was held, that an order made in one action in this court for bidding the prosecution of another suit in the same court, was absolutely void, and that anybody might lawfully disregard it.   But at the recent General Term, the decision in this case was reviewed, and the expressions referred to were modified, so as to hold such injunctions merely irregular; and at the present General Term, the injunction referred to had been vacated on appeal as irregular, not denying the jurisdiction of the court to grant it in the first instance.

I am also of the opinion that the proof before the referee, that the defendant acted under the advice of counsel, who were certainly competent to give advice on which a layman might rely, relieves the case from the supposition that any willful disobedience of the injunction was intended, and if so, that the defendant was not to suffer punitive damages for his disregard of the order.   If he was liable at all, it was for

the costs necessarily incurred in enforcing obedience to the injunction.

In the present case, the damages allowed appear to have been the costs incurred in the action pending in the sixth district, in which proceedings were enjoined.

Such costs could not be considered as costs to be paid in this action. The costs which the defendants should pay are the costs and expenses of prosecuting for the contempt, and not those incurred in the action in which the proceedings were enjoined.

We think the amount of the fine should be reduced to a sum sufficient to cover such costs, and a counsel fee which is fixed at $250, and for that sum the order is affirmed without costs of appeal.

The appeal from the order adjudging defendant in contempt, and directing a reference, was prematurely taken, and should be dismissed with ten dollars costs.

Appeal dismissed.