### Joseph W. Savage *vs.* Josephine Allen.

It is improper to commence one action to stay proceedings in another, whether in the same court or in another court, when the plaintiff in the second action could have obtained the same relief in the original action that he may obtain in the second.

If the former action is still pending, the defendant therein is not remediless. He may yet set up, therein, any defense which he has against the claim of the plaintiff.

THIS is an appeal from a judgment rendered for the plaintiff, in an action brought by him against the defendant, to restrain an action of ejectment, brought by the defendant, in the superior court of New York, against the plaintiff, and to compel the defendant to execute and deliver to the plaintiff a deed confirming the title of the plaintiff to the premises in dispute, under the defendant's former conveyance thereof to the plaintiff's grantor, Mary Child.

The action was referred to a referee to hear and determine, who found and reported, as matters of fact:

That in the year 1847, the defendant, Josephine Allen, was in the possession of the lot of land designated in the complaint as No. 32, on a certain map, by descent from her mother, one of the children of Francis Child; that the mother of the defendant, under the will of the said Francis Child, was entitled to one third of the real estate in fee, and that, on the partition of the said estate, in the year 1845, said lot No. 32 was set apart to her. That on the death of said defendant's mother, and in the year 1847, application was made to the court, in behalf of the said defendant, then an infant, for the sale of said lot No. 32, and that during the same year, in pursuance of an order of the court, the said defendant, by her guardian Lucas Parsons, duly appointed, sold and conveyed the said lot No. 32 to the plaintiff's grantor, Mary Child, for an adequate consideration, and that said sale was duly confirmed by the court on the 29th of October, 1847. That

upon proceedings afterwards had, the aforesaid partition made in 1845, was set aside, and in February, 1851, a new partition was made, on which last mentioned partition the lot, No. 32, was again set off to the share or part of the said defendant. That pending the aforesaid proceedings, and in March, 1848, the said Mary Child conveyed said lot No. 32 to the plaintiff, for an adequate consideration. That after the partition in 1851, and during that year, the said defendant brought her ejectment suit, [in the superior court of New York,] to recover from the plaintiff the said lot No. 32. That the plaintiff's omission to set up his claim to said lot No. 32, in the aforesaid second partition, and as a defense to the defendant's said ejectment suit, was, if erroneous, an error of judgment, and in so doing he acted on the advice of counsel, and did not, by so doing, mislead any new, ignorant or innocent party. That all the parties to the aforesaid deed of the infant, by her guardian, acted upon the faith that the fee of the said lot No. 32 was in the hands of the then infant, now adult, defendant, Josephine Allen, and that her grantee therein, Mary Child, and the plaintiff, parted with their money in this faith. Upon the above facts, and the facts set forth in the pleadings, and admitted by the parties, and upon the testimony, oral and documentary, produced on the trial, the referee found in and by his said report, as his conclusions of law: That the complaint was sufficiently proved to entitle the plaintiff to the remedy prayed for in his complaint, and that the defendant, Josephine Allen, should be ordered to execute a confirmatory deed of said lot No. 32, to the plaintiff, and be enjoined from any proceedings in her said ejectment suit. That the equities were in favor of the plaintiff's claim. That the omission of the plaintiff to set up his claim to lot No. 32, in the second partition proceeding, did not preclude his legal or equitable remedy in this action. That this action was maintainable, and the proper and adequate remedy could be adjudged to the

plaintiff herein. That upon the whole merits of the plaintiff's case, he was not estopped from asserting his legal or equitable claim against the defendant. That the recitals contained in the defendant's said deed were binding upon her, and she was estopped by them, notwithstanding her infancy. That the said deed was sufficient to convey the fee of the said lot No. 32, as far as the defendant owned or claimed the same. That the said conveyance was in effect the same as if made by the defendant when of full age, and validated the contents of the deed as if made by an adult. That the equity of the case was on the plaintiff's side, for the confirmation of the title to said lot No. 32, and the defendant should be compelled to execute a confirmatory conveyance of the said lot No. 32 to the plaintiff.

And the referee ordered judgment accordingly; from which judgment the defendant appealed.

*Wm. Henry Arnoux,* for the appellant.

*W. Howard Wait,* for the respondent.

*By the Court,* INGRAHAM, P. J. The motion to dismiss the complaint should have been granted.

The complaint alleges that Henry L. Parsons, as guardian of the defendant in this action, had commenced an action in the superior court against this plaintiff and his tenant, to recover possession of the lot referred to in the pleadings, in this action, and that the said action is still pending. It also appeared on the trial that in such action, as in this, the defendant having become of full age, had rendered the appearance of a guardian unnecessary, and the actions are continued as to her alone. Under the decisions of the general term, it is improper to commence one action to stay proceedings in another, whether in the same court or in another court, when the plaintiff in the

second action could have obtained the same relief in the original action, that he might have obtained in the present action. That such was the case in the action in the superior court, there can be no doubt. The defendant here, by her guardian, brought an action against the plaintiff here and his tenant, to recover from them the possession of the lot in controversy. The defendant in that suit could have set up in his answer, all the matters alleged in his complaint in this action, and could have asked for all the relief that he asks for. Those facts, if true, would have been a good defense to the plaintiff's claim there, and would have entitled him to a judgment for all that he claims here, unless the plaintiff there could have shown such claim to be invalid. The referee was of the opinion, rightly, that such relief could have been granted in that action. Under such circumstances this action cannot be maintained. (*Schell* v. *The Erie Railway Co.*, 51 *Barb.* 368. *The Erie Railway Co.* v. *Ramsey*, 57 *id.* 449. *Stover* v. *Cogswell, Id.* 448.) It is said in the latter case the plaintiff can yet move, in that action, for such relief as the facts show he ought to have, against the judgment which has passed against him. In this case the action in the superior court is still pending, and the plaintiff can set up therein, any defense which he now has against the claim of this defendant.

The judgment should be reversed, and judgment of dismissal of complaint ordered.

Judgment reversed.

[First Department, General Term, at New York, April 4, 1871. *Ingraham*, P. J. and *Cardozo* and *Geo. G. Barnard*, Justices.]