Daniels, J.
As the complaint was amended in this action it has been confined simply to the foreclosure of what is known as the second consolidated mortgage executed and delivered by the Erie Railway Company to the plaintiff as trustee, to secure certain bonds issued by the railway company. As the complaint was originally framed, it included also the preceding mortgage, known as the first consolidated mortgage. But after the action had been, for a considerable period, prosecuted in that form, this mortgage was excluded from it, because, as it has been claimed, it had not been due at the time when the suit was commenced. There seems to be good reason for supposing that to have been the fact. But whether it was so or not, it is .not imj)ortant to determine in disposing of this application.
The applicants claim to be the owners of bonds se *259 cured by this first consolidated mortgage, and when that was excluded from the action, they commenced another suit on their own behalf, insisting in its support that the mortgage debt had become due, and that a foreclosure of it should be adjudged at their instance, because the plaintiff, as the trustee under it, had neglected and refused to secure its foreclosure for their benefit and that of the other bondholders under it, and had identified itself with a foreclosure under the second consolidated mortgage, and a plan of reorganization inimical to their interests. Soon after the commencement of their action the plaintiffs commenced another in which the facts alleged in the second suit were controverted, and its own conduct alleged to have been in harmony with its duty, and an injunction was applied for to restrain the prosecution of the second action. That was issued, and from that time the applicant’s action has been restrained by means of its effect. And now, as has been already stated, they claim that their own protection and indemnity against what have been asserted to be improper charges, illegal allowances, and an irregular and informal judgment, require that they should be brought into this suit as parties defendants.
But even if they should be conceded to be entirely right as to the facts, it cannot by any means follow that their motion should be allowed to succeed, for it has not been shown that the sufficiency of their security will be in any respect impaired or endangered if they are not allowed to controvert the matters to which their objections have been directed. The persons whose bonds have been secured by the second consolidated mortgage may have very good reason to complain if these charges of misconduct, extravagance and misapplication can be substantiated, but the persons on whose behalf the motion has been made, are in no way identified in interest with this other class of creditors, and for that reason cannot insist upon causes *260 of complaint which they have not deemed worthy of consideration; they must maintain their right to the relief for which they have applied solely on their own bonds and the rights appertaining under the mortgage given to secure them, and as they have in no manner been endangered, no proper case has been presented in support of their application.
It has been urged that the plan of reconstruction which it is intended to consummate will have the effect of postponing their rights to payments which have already accrued. But how it can be attended with that result as to them is not readily perceived, for they have in no sense authorized or become parties to it. This plan has been promoted and adopted by other persons holding bonds under both the mortgages. And they without doubt may effectually bind themselves. But as they have had no authority to act for the persons now pressing this complaint, and the latter have in no way assented to the plan, there is no legal principle which can render it operative upon their rights.
The rule is entirely well settled that no one can be bound or prejudiced in his rights by proceedings of a legal nature to which he has been in no sense a party, and when he stands in privity with no other party (Peabody v. Roberts, 47 Barb. 91, and cases referred to).
Their debts are amply secured, and beyond the control of those whose acts are made the foundation of the present application, and they have therefore no right to be made parties to the proceedings now being prosecuted for the foreclosure of the junior mortgage.
If their rights are in danger of being in any way imperiled, the proper remedy for their security would seem to be an independent action in their own behalf, and if the plaintiff, as their trustee, has become identified with the persons who are engaged in promoting a. plan deemed to be at variance with their interests, and has refused to take such measures as their proper in *261 demnity requires, then the rule has become very well settled which will allow these claimants to proceed in their own behalf. Ordinarily these measures should be instituted and prosecuted by the trustee, who is expected and required impartially to foster, and maintain alike the interests of all the beneficiaries. But even though that be the general rule of law, where the trustee has assumed a different relation which in its nature may be considered of a hostile character to a portion of them, then the latter are not, by reason of that circumstance, to be deprived of availing themselves of such means of redress as have been specially devised for the ultimate security of all beneficiaries. By showing that to be the fact, they may at once and directly themselves appeal to the court for that justice and relief which in the usual course of equitable proceedings cannot be obtained through the action of their trustee (Dodge v. Wolsey, 18 How. U. S. 331; Riverson v. La Crosse, &c. R. R. Co., 2 Wall. 283; Galveston R. R. Co. v. Cowdrey, 11 Id. 459 ; Memphis City v. Dean, 8Id. 65, 73; Hersey v. Veazie, 24 Maine, 9; Allen v. Curtiss, 26 Conn. 457; Weetjen v. St. Paul, &c. R. R. Co., 4 Hun, 529 ; S. C., 5 Id. 265, and actions of that nature were sustained without question as to the right in Tomlinson v. Jessup, 15 Wall. 454; Same v. Branch, Id. 460).
It may very well be as the facts have been alleged that the charges • made are wholly and entirely unfounded, and that the applicants are merely speculative adventurers, uninterested in the claims asserted by them, endeavoring to intervene for the purpose of embarrassing and deranging the cause they have professedly espoused. But even if that should be assumed to be the truth, it will not deprive the persons making them of the right to prosecute the proper action for their investigation and decision. Whether these or the other allegations of improper conduct so freely *262 indulged in on each side of the controversy can be in the end sustained is not a matter to be now decided.
That can only be done when the evidence which may be produced shall be heard in the ordinary way from the witnesses who cad give it. And to such a proceeding the determination of these matters should be referred. But it has been answered that this has been tried, and the proceedings instituted for the purpose have Been frustrated by means of an injunction issued at the plaintiff’s instance. Anc}. that answer appears to be well sustained as a matter of fact. It is not probable, however, that this restraint can ultimately be maintained, for the law governing the uses which may be made of that process does not sanction its application by way of restraint over a preceding suit upon matters which may be made completely effectual as the ordinary means of defense. If that could be done a final determination might never be reached, for the rights of each party to enjoin the other would necessarily have to be equally conceded.
If one, upon substantial matters of defense could do so, it would undoubtedly follow that the other could do the same, and the trial of the substance of the controversy, if such proceedings were sanctioned, might be indefinitely deferred. The mere circumstance that these applicants may have brought an action upon unfounded charges, will not in the end deprive them of a trial of their action.
For, although for the present enjoined, it is not to be supposed that the resulting restraint will not be removed. The authorities upon that subject are decidedly the other way (Hall v. Fisher, 1 Barb. Ch. 53; Erie Railway Co. v. Ramsey, 45 N. Y., 637; Wolfe v. Burke, 56 Id. 115,119; People v. Wasson, 64 Id. 167; Savage v. Allen, 54 Id. 458 ; aff’g 59 Barb. 291). In the coarse of the decision of this last case it was held that “The proposition that a separate action may under our pres *263 ent system be maintained to restrain by injunction the proceedings in another suit in the same or any other court, between the same parties, where the relief sought int the latter suit may be obtained by a proper defense to the former one, has long since been exploded, or if not, should be without delay” (Id. 463). Bat even if the injunction should not be removed, that circumstance would not entitle these parties to be brought into the action for the foreclosure of the consolidated mortgage.
The remedy, even then, would be by an expeditious hearing of the action brought for the purpose of securing the injunction; and that, if the first action should appear to be meritorious, would result in the redress which the facts established would entitle the parties prosecuting it to claim.
The road to final justice would, it is true, be more than usually circuitous in that way, but in the end it would be found to be entirely effective.
The points upon this portion of the controversy have been considered very much at large, because the papers and arguments submitted have included and presented them, if not to be actually disposed of, still to be incidentally considered in their bearing upon the propriety of the motion made for an order bringing these persons in as contending parties into the foreclosure suit as it has finally been prosecuted; but in no view which can be taken of the case does that appear to be necessary or proper. If they had no other means for the hearing and determination of their complaints, then that would be an obvious necessity; but they have, and. that must prove entirely adequate to their own security, for if the wrongs alleged have any real existence, they constitute the subject-matter of another suit and a different litigation. The motion made to allow these persons to become parties to the present action must consequently be denied.
Order accordingly.