# PHŒNIX FOUNDRY AND MACHINE COMPANY, APPELLANT, v. THE NORTH RIVER CONSTRUCTION COMPANY, RESPONDENT.

*Action for the dissolution of an insolvent corporation — power of the court to restrain the prosecution of other actions against it.*

In January, 1884, one Woerishoffer, a stockholder of the defendant, a foreign corporation, brought an action against it in behalf of himself and all other stockholders and the creditors of the company, in the first judicial district, and therein alleged the insolvency of the company, the appointment of a receiver in New Jersey, and prayed for the appointment of a receiver here. Thereupon the New Jersey receiver was appointed an ancillary receiver here. January nineteenth the plaintiff brought this action in Onondaga county against the company to recover for goods sold. On February seventh, upon the application of Woerishoffer, an order was made, in the action brought by him at a Special Term held in the first district, restraining all persons from bringing or prosecuting any suits or proceedings against the company until the further order of the court. The plaintiff having been served with a copy of the order moved, in the fifth district, to have it vacated.

*Held,* that the motion was properly denied.

That the court in which the action for the appointment of a receiver was brought had power to grant such an order, and that in exercising such power, the order being for the protection of the fund in its possession, it was not subject to every provision of the statute and rules applicable to injunction orders granted to protect the individual rights of the applicant.

APPEAL from an order of the Onondaga Special Term, denying the plaintiff's motion to vacate an order granted by a justice of this court in the first judicial district, on notice, in an action in favor of Charles F. Woerishoffer against the present defendant.

The defendant is a foreign corporation, created under the laws of New Jersey, doing business in this State, and having a business and fiscal agency in the city of New York. On 14th January, 1884, Woerishoffer, a stockholder of the defendant, brought his action in this court against the defendant, in behalf of himself and all other stockholders and of the creditors of the defendant, alleging the insolvency of the defendant, and that a receiver of its effects had been appointed by a court of competent jurisdiction in New Jersey, and asking for the appointment of a receiver of the property of said defendant in this State, which was done by an order of this court

made at a Special Term in the first department. The New Jersey receiver was appointed in this State, the appointment being ancillary to that made in New Jersey, and he duly qualified and entered upon his duties. This action was began 19th January, 1884, on contract for goods sold and work done, the place of trial being laid in Onondaga county. Subsequently, and on February seventh, the order from which this appeal is taken, was granted upon the application of the plaintiff Woerishoffer, restraining all persons from bringing or prosecuting any suits or proceedings against the defendant, or in any manner interfering with the assets of the defendant, until the further order of this court. A certified copy of the last mentioned order was served by mail on the attorneys for the plaintiff herein.

*Knapp, Nottingham & Andrews*, for the appellant.

*C. B. Alexander*, for the respondent.

Smith, P. J.:

The object of the action brought by the stockholder Woerishoffer, and of that to which it is ancillary, is to wind up the affairs of the insolvent corporation and make an equitable distribution of its assets among all its creditors. The receiver appointed in those actions represents the corporation, its stockholders and its creditors, and the court by which he was appointed had authority, as an incident to the power of appointment, to prevent any interference with the assets of the corporation by individual creditors or others, in order to preserve the fund for distribution. (*In the Matter of the Application of the Attorney General* v. *The Guardian Mutual Life Insurance Company*, 77 N. Y., 272.) Such authority may be exercised by an order made in the suit in which the receiver is appointed. (Id.) An order of that nature, being for the protection of the fund which the court has in its possession through its receiver, is not subject to every provision of the statute and of the rules of court which apply to injunction orders granted upon the application of a party for the protection of his individual rights. It is properly made in the action in which the receiver is appointed, and a creditor who attempts to interfere with the fund by unnecessarily subjecting it to the costs of an action to enforce his claim, cannot set up that the order is ineffectual as to him because not made in his

own action. If there are controversies to be litigated, or accounts to be adjusted, between such creditor and the corporation, all can be done on the investigation of the claim in the winding up suit, and the creditor is a party to that suit, through his representative, the receiver. In short, the order is made in the exercise of the inherent power of the court to protect its receiver and the fund in his hands, and is not a creature of the Code. (2 Story's Eq. Jur., § 891.) This power is recognized by section 1806 of the Code, in the classes of actions therein referred to, in which, however, the present action is not included, but that section is simply declaratory of the common law, as far as it goes, and does not divest the court of its power in cases not within its provisions.

That this court has the power, by an order made in one action, to restrain proceedings in another pending before it in another district, was held in *Erie Railway Company* v. *Ramsey* (45 N. Y., 637), overruling the case of *Schell* v. *Erie Railway Company* (51 Barb., 368), cited by the appellant's counsel. True, the power is to be exercised in extreme cases only, but here is a case in which its exercise is necessary for the equal protection of all the creditors of the insolvent corporation, including the creditor whose action is stayed by it.

If these views are correct, it results that none of the objections urged by the appellant's counsel are tenable. As we have seen already the order is valid, although not made in the action brought by the present plaintiff. And the provisions requiring an undertaking to be given on obtaining an injunction order, and that the order shall state the grounds on which it is granted, do not apply to an order like the one in hand.

If the mode of service was insufficient, it does not warrant the vacating of the order; whether it would authorize proceedings against the plaintiff for a contempt, in case of disobedience of the order, is a question not involved in this appeal.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN, J.:

In the Woerishoffer action against the North River Construction Company, the court acquired jurisdiction of the defendant, and had

power to appoint a receiver. The receiver so appointed represents all the creditors, and as Andrews, J., says in *Attorney General* v. *Guardian Mutual Life Insurance Company* (77 N. Y., 277): "They are subject to the summary jurisdiction of the court in matters pertaining to the administration of the estate of the insolvent corporation." The court at Special Term, in New York, had power to make the order staying proceedings against the insolvent corporation. If that stay order was improperly granted, or if reasons exist why it should be vacated or modified *quo ad* the plaintiff in this action, the reasons should be presented to the court in the district wherein the stay order was made. If the plaintiff is entitled to such remedy, it "must be sought by application to the court in the district in which the receiver was appointed and in the action in which the appointment was made." Andrews, J., in *Rinn* v. *Astor Fire Insurance Company* (59 N. Y., 148) used the language just quoted. Besides, it is proved by section 769 of the Code of Civil Procedure, viz.: "A motion upon notice in an action in the Supreme Court must be made within the judicial district in which the action is triable."

The same proposition, we have already stated, was asserted by the court in the First Department, in 1881, in deciding *Attrill* v. *Rockaway Beach Improvement Company* (reported in 25 Hun, 378).

If the order was irregular because obtained without complying with section 610 of the Code, or Rule 13, without reciting the grounds upon which it was granted, the remedy was by motion in the district wherein it was made. Section 769 of the Code was not referred to in *Walsh* v. *Stern* (12 Week. Dig., 424), and the court incidentally remarked that the "legal effect of the order was to remove an illegal restraint, and it had no other effect." We do not regard that authority as applicable here. But if a full examination of that case should present the point involved, and a holding adverse to the views we have stated, we should be constrained to disregard it, and follow cases we have hereinbefore cited.

*Percy* v. *Seward* (6 Abb., 327) is not applicable. It was decided in 1858, long before the enactment of section 769, and the motion was made in all the actions, and was a motion to consolidate all of the actions. And it was made in the county "in which all the parties resided," and the actions "were all triable in Albany county,"

where the motion was made. If the order restraining or staying actions is too broad, it is not therefore void, and a party may not disregard the order simply because it is too broad or extensive. (*Mayor* v. *N. Y. and S. I. R. R. Co.*, 64 N. Y., 622; *People* v. *Sturtevant*, 9 id., 263.) We think the plaintiff must seek his remedy, if he wishes to assert it, in the lifetime of the order complained of in the action pending in the first district. (*Wilkinson* v. *This Defendant*, 66 How., 428; *Atty. Genl.* v. *North Am. L. Ins. Co.*, 6 Abb. N. C., 297; *People ex rel. Atty. Genl.* v. *Security L. Ins. Co.*, 79 N. Y., 272; *Pringle* v. *Woolworth*, 90 id., 502.)

The order should be affirmed, with ten dollars costs and disbursements.

BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.