## JOHN N. HAYWARD, RESPONDENT, *v.* MARIA L. HOOD AND OTHERS, APPELLANTS.

*Action to restrain the prosecution of another action in the same court — only allowed where full and complete justice cannot be obtained in the first action.*

An action was brought in this court, in Westchester county, by Maria L. Hood, as executrix under the will of Andrew Hood, against one John N. Hayward, as surety, and one Frederick Hood, as principal, upon a bond given by the latter as one of the executors of the said Andrew Hood. That action was brought to recover the amount secured by the bond, because of a decree of the Surrogate of Westchester county, charging the executor with a misappropriation of the moneys of the estate, to an amount exceeding the sum which could be recovered by the executrix against the said surety upon the bond.

The present appeal was taken from an order granting an injunction in an action brought by the said John N. Hayward to restrain the prosecution of the former action upon the ground that the prosecution of that action should be restrained during the pendency of an appeal which had been taken from the decree of the surrogate. A discharged surety and certain beneficiaries under the will were with said Maria L. Hood made defendants in the present action.

*Held*, that as the action of the executrix on the bond would entirely exhaust the liability of the surety, no necessity existed for bringing in the additional defendants in this suit.

That the order should not have been granted, as the plaintiff could have obtained full and adequate remedy by applying for a stay of proceedings in the first-mentioned action

APPEAL from an injunction order restraining the prosecution of an action in this court pending in Westchester county, wherein the defendant Maria L. Hood is plaintiff, and John N. Hayward and Frederick Hood are defendants.

*John J. Macklin*, for the appellants.

*A. J. Dittenhoefer*, for the respondent.

DANIELS, J. :

The action restrained by the injunction order was upon a bond executed by the plaintiff as a surety for Frederick Hood, who was an executor under the will of Andrew Hood, deceased. It was brought by Maria L. Hood, as executrix under the same will, to recover the amount secured by the bond, because of a decree of the surrogate of Westchester county, charging this executor with a misappropriation of the moneys of the estate exceeding in amount the sum which could be recovered by her against Hayward as a surety in the bond. Other persons who were beneficiaries under the will, and a discharged surety under the bond, were made defendants in this action in which the injunction has been issued. But as the action of the executrix on the bond will entirely exhaust the liability of the surety, no necessity existed for making these additional parties defendants in the suit. The controversy is in reality wholly between the executrix and this surety in the bond, the other having been released by a voluntary adjustment of his liability. The ground upon which the injunction was applied for, was that an appeal had been taken from the decree charging the executor with this liability, and that it was necessary to restrain the trial of the action upon the bond until that appeal should be heard and decided. The complaint in this action, as well as the cases in other proceedings concerning this estate, demonstrate the fact to be that it has suffered the misfortune of a large amount of needless and disastrous litigation. And it may be, from the strict rules which were insisted upon and applied upon the hearing before the surrogate which preceded his decree, that this character of litigation has not yet been terminated; and for that reason, although the executor may in the end be found liable to the full extent reached by the decree, as that was intimated to be the case in *Matter of Hood* (98 N. Y., 363), a stay of the

action on the bond may be very judicious as a salutary direction until the hearing and decision of the appeal taken from the decree.

But to obtain such a stay, an independent action of the nature of that which the surety has brought did not become necessary. It could be as well secured, and probably would be as the facts appear, by an application to one of the justices of the court for a stay in the action on the executor's bond. The interests of the estate appear to require as much as that at the hands of the court. It has already suffered more than it should, by needless litigation, and that which is now pending should be so shaped and controlled as not to add to or increase the series of disasters already experienced.

But an independent action to obtain such a stay is neither required nor sanctioned by the law of this State. It has been supposed that the decision made in *Erie Railway Company* v. *Ramsey* (45 N. Y., 637) will sustain this suit, as it was there held that an action may be maintained to restrain proceedings in another suit where the relief demanded in the second action cannot be secured in the one previously commenced. This decision enjoins a salutary degree of caution in permitting independent actions to be maintained to secure even that result, limiting their propriety to cases where full and complete justice cannot be obtained in the first suit. And that was the view which was approved in *Savage* v. *Allen* (54 N. Y., 458). For it was there held that " the proposition that a separate action may, under our present system, be maintained to restrain by injunction the proceedings in another suit in the same or in another court, between the same parties, where the relief sought in the latter suit may be obtained by a proper defense to the former one, has long since been exploded, or if not, should be without delay." (Id., 463.) This was followed in *Matter of McHenry* (9 Abb. N. C., 256) and *Farmers' Loan and Trust Company* v. *McHenry* (Id., 235).

This principle excludes the right to maintain an independent action to obtain a stay of proceedings in another, in which complete justice can be dispensed to all of the parties. And it cannot be evaded by simply adding other persons not required to be brought before the court, for a complete and effectual as well as a final disposition of the controversy. And the cases of *Reinach* v. *Meyer* (55 How., 283), *Claflin* v. *Hamlin* (62 id., 284) and *Deen* v. *Milne* (15 Abb. N. C., 350), do not conflict with this principle.

The facts in each of them were entirely different, and in their decision do not sustain the right of the defendant in one suit to bring an action to restrain its prosecution, when that may be done by a simple order in the action in which the proceedings should be stayed. To sanction such an action as this, where the design is to obtain a mere stay of proceedings, would be to create an injurious precedent unwisely extending the area of ordinary litigation. It has not often been attempted, and when it is attempted the act should meet the disapproval of the court, where it is evident, as it is here, that all the substantial relief the plaintiff in this suit is entitled to can be secured by an order staying the proceedings made in the other action. *Waring* v. *Yale* (1 Hun, 492), unqualifiedly disapproves of such a practice even though it may not be followed on the point of the power of the court.

The order from which the appeal has been taken should be reversed, with usual costs and disbursements, and the motion for the injunction should be denied.

BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.