JOSEPH W. SAVAGE, Appellant, *v.* JOSEPHINE ALLEN, Respondent.

The remedy by injunction is to be resorted to, as a general rule, only where an injury, without adequate redress, may result if the writ be not employed.

An action cannot be maintained to restrain by injunction the proceedings in another suit in the same or another court, between the same parties, where the relief sought may be obtained by a proper defence in such suit.

The wife of plaintiff and the mother of defendant were each owners of an interest in certain real estate. By a decree in a partition suit a lot, forming part thereof, was awarded to defendant's mother. The wife of plaintiff died leaving two children; and the mother of defendant also died leaving her the only heir-at-law surviving. A bill of review was filed, to which plaintiff, his children and defendant were made parties. Plaintiff appeared and answered; this resulted in a decree vacating and setting aside the judgment and all the proceedings in the partition suit. After the filing of the bill of review, and before the decree, upon petition of defendant's guardian (she being a minor) an order was granted by the Supreme Court directing a sale of said lot so awarded to defendant, and the application of the proceeds for her use and benefit; a conveyance thereof was executed, and the grantee conveyed to plaintiff. After the rendition of the decree upon the bill of review a second proceeding for partition was instituted by petition in the Supreme Court, to which plaintiff was made a party, and was personally served; he made default. Judgment of partition was ordered, setting off said lot to defendant. Defendant then brought ejectment in the Superior Court of New York city against plaintiff, who was in possession. The latter, thereupon, commenced this action to restrain the prosecution of said ejectment suit, and to compel defendant to convey to him.

*Held,* 1st, that, as a point of practice, the action could not be maintained; that if plaintiff had any title, legal or equitable, it might, and should have been, interposed as a defence in the ejectment suit; 2d. That plaintiff, having knowledge of and being a party to the bill of review at the time he took title, was bound by the decree, which invalidated his title, and that he was estopped by the decree therein, and by the subsequent judgment in partition, from any claim of legal title to said lot.

Also, *held,* that upon the question of estoppel it was immaterial whether the partition was by ordinary suit or by proceedings, as originally provided for in the Revised Statutes; that either concluded all rights of the parties which were properly the subject of consideration.

(Argued March 17, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 59 Barb., 291.)

The nature of the action and the facts therein are set forth sufficiently in the opinion.

*W. Howard Wait* for the appellant. Plaintiff was entitled to a confirmatory deed, notwithstanding he might have set up his claims as a defence to the ejectment suit. (*Kellogg* v. *Wood*, 4 Paige, 615 ; *McCray* v. *McCray*, 30 Barb., 637 ; *Traphagen* v. *Traphagen*, 40 id., 537 ; *Siemon* v. *Schurck*, 29 N. Y., 598, 613.) The court has no power, in an eject-ment suit, to cut off the right of the unsuccessful party to a new trial by directing such party to execute a confirmatory deed. (*Lanke* v. *Ropke*, 1 Duer, 701 ; *Holmes* v. *Davis*, 21 Barb., 273 ; *Chautauqua Co. Bk.* v. *White*, 23 N. Y., 347 ; *Shumway* v. *Shumway*, 42 id., 143 ; *Marvin* v. *Marvin*, 11 Abb. Pr. [N. S.], 102.) If, in a suit at law, a defendant's remedy be doubtful or difficult of attainment there, or if it appears that the remedy will be inadequate or new parties necessary, a cross action is proper. (*Am. Ins. Co.* v. *Fisk*, 1 Paige, 90 ; *McLaren* v. *Pennington*, id., 102 ; *Siemon* v. *Schurck*, 29 N. Y., 598, 613.) Plaintiff was authorized to bring this action, and the court acquired jurisdiction on any of the above grounds. (Story's Eq. Jur., § 64 ; *Frost* v. *Myrick*, 1 Barb., 362 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 357 ; *Cuff* v. *Dorland*, 55 Barb., 481 ; *Larkin* v. *McCarthy*, 41 N. Y., 107.) A party is not bound to interpose his equitable rights as a defence in a suit at law; and a failure to do so is no bar to a cross action for a temporary injunction to restrain the suit at law. (*Siemon* v. *Austin*, 33 Barb., 9 ; 29 N. Y.,      ; *Tibbs* v. *Morris*, 44 Barb., 138 ; *Erie R. Co.* v. *Ramsay*, 45 N. Y., 637.) The objection to the action not having been raised by the answer was waived. (*Truscott* v. *King*, 6 N. Y., 147 ; Code, §§ 144–148 ; *Ware* v. *Gore*, 37 How. Pr.,

119; *Groshon* v. *Lyon,* 16 Barb., 461; *Zabriskie* v. *Smith,* 13 N. Y., 323; *Patchin* v. *Peck,* 38 id., 39.) An estoppel, to be available as a defence, must be pleaded. (Co. Litt., 303; *Kemp* v. *Goodal,* 1 Salk., 277; *Lansing* v. *Montgomery,* 2 J. R., 382; *Jackson* v. *Wood,* 3 Wend., 35; *Howard* v. *Mitchell,* 14 Mass., 241; *Shellon* v *Alcox,* 11 Conn., 240.) A judgment, to work an estoppel, must be one where the parties litigant are in the position of adverse claimants. (*Elliott* v. *Pell,* 1 Paige, 263; *Eagle F. Co.* v. *Lent,* 6 id., 635; *Frost* v. *Koon,* 30 N. Y., 446; *People ex rel.* v. *Johnson,* 38 id., 63; S. C., 14 Abb. Pr., 420; *McCall's Lessee* v. *Carpenter,* 18 How. [U. S.], 297; *Lewis* v. *Smith,* 9 N. Y., 516; *Lawrence* v. *Brown,* 5 id., 401; *Woodgate* v. *Fleet,* 44 id., 1; *Walker* v. *Laflin,* 26 Ill., 472.) Plaintiff was not a joint tenant or tenant in common, and partition can only deal with and act upon the rights of such. (*Jackson* v. *Myers,* 14 J. R., 354; *Thomas* v. *Garvan,* 4 Dev., 223; *Walker* v. *Laflin,* 26 Ill., 472; *Harman* v. *Kelly,* 14 Ohio, 502; *Brownell* v. *Bradley,* 16 Vt., 105; *Ramsay* v. *Bell,* 3 Ired. Eq., 209; *Corbitt.* v. *Corbitt,* 1 Jones Eq. [N. C.], 114; *Florence* v. *Hopkins,* 46 N. Y., 182; *Boughton* v. *Howe,* 6 Vt., 266; *Wright* v. *Vernan,* 1 D. & S., 231.) Adverse and equitable claims may be enforced after partition, according to the nature of the case. (Coates St., 2 Ash., 12; *Tillon* v. *Palmer,* 31 Me. [1 Red., § 486; *Peak* v. *Chambers,* 7 B. M., 565; *Baylies* v. *Bussey,* 5 Gilf., 153; *Bryant* v *Stearns,* 16 Ala., 302; *Donnell* v. *Mateer,* 7 Ired. Eq. [N. C.], 94; *Varnan* v. *Abbott,* 12 Mass., 476; Bouv. L. Dict.) Parol evidence, as to how the lot happened to be set apart to defendant, was properly admitted. (*Striker* v. *Mott,* 28 N. Y., 88; *Hosford* v. *Merwin,* 5 Barb., 58; *Doty* v. *Brown,* 4 N. Y., 71.) The pendency of the suit on the bill of review at the time of defendant's conveyance of this lot, cannot affect the rights of the parties. (*Campbell* v. *Hall,* 16 N. Y., 580; *Wilson* v. *Doval,* 5 Bosw., 619; *Partridge* v. *Luce,* 36 Me., 16; *Upham* v. *Bradley,* 17 id., 423.) The complete title to the whole lot which defendant acquired by the second partition inured to

Statement of case

plaintiff's benefit, and defendant is estopped from claiming for her own benefit. (R. S., § 178, art. 8, tit. 2, chap. 1, pt. 3; *Reed* v. *McCourt,* 41 N. Y., 435; *Jackson* v. *Waldron,* 13 Wend., 178; *Jackson* v. *Bull,* 1 J. Cas., 81, 90; *Jackson* v. *Murray,* 12 J. R., 201; *Edwards* v. *Varick,* 5 Den., 664; *Pelletreau* v. *Jackson,* 11 Wend., 110.)

*William Henry Arnoux* for the respondent. Plaintiff cannot maintain this action, because he could obtain by answer in the ejectment suit all he claims herein. (*Sheehan* v. *Hamilton,* 2 Keyes, 304; S. C., 3 Abb. [N. S.], 200; *Auburn City Bk.* v. *Leonard,* 20 How., 193; S. C., 40 Barb., 119; *Liftchild* v. *Smith,* 7 Robt., 306; *Gould* v. *Thompson,* 39 How., 5; *Winfield* v. *Bacon,* 24 Barb., 154; *Minor* v. *Webb,* 10 Abb., 286; *Lawrence* v. *Bk. Republic,* 3 Robt., 142, 149; *Foot* v. *Sprague,* 12 How., 355; *Arndt* v. *Williams,* 16 id., 244; *Schell* v. *Erie R. Co.,* 51 Barb., 368; *Dobson* v. *Pearce,* 12 N. Y., 156–165; *N. Y. C. Ins. Co.* v. *Nat. P. Ins. Co.,* 14 id., 85–90; *Crary* v. *Goodman,* 12 id., 266; *Despard* v. *Walbridge,* 15 id., 374; *Phillips* v. *Gorham,* 17 id., 270, 275; *Bartlett* v. *Judd,* 21 id., 200; *Cummings* v. *Morris,* 25 id., 625; *Erie R. Co.* v. *Ramsay,* 45 id., 637, 649; *Pitcher* v. *Hennessey,* 48 id., 415, 422; *McCarthy* v. *Peake,* 9 Abb., 164.) The judgment in the second partition suit estops plaintiff from setting up any claim to the premises. (*Davoue* v. *Fanning,* 4 J. Ch., 199, 203; *Taylor* v. *Sharp,* 3 P. W., 371; *Earl of Peterborough* v. *Germaine,* 1 Ber. Pl., 281; *Aurora City* v. *West,* 7 Wall., 82; *Greathead* v. *Bromley,* 7 T. R., 455; *Henderson* v. *Henderson,* 3 Hare, 195; *Malloney* v. *Horan,* 49 N. Y., 11; *Noble* v. *Cromwell,* 26 Barb., 475, 478; affirmed 27 How., 289; *Jenkins* v. *Van Schaick,* 3 Paige, 242; *Sterricker* v. *Dickinson,* 9 Barb., 516, 521; *Beebee* v. *Griffing,* 14 N. Y., 237; 2 R. S., 617, §§ 3, 5; *Jackson* v. *Hoffman,* 9 Cow., 271; *Doty* v. *Brown,* 4 N. Y., 71; *White* v. *Coates,* 6 id., 137; *Castle* v. *Noyes,* 14 id., 329; *Demarest* v. *Darg,* 32 id., 281.) The fact that plaintiff was misled by his counsel, as to the legal effect of his action in

the second foreclosure, furnishes no ground for relief. (*Hunt* v. *Rousmaniere's Admr.*, 1 Pet., 1; *Stewart* v. *Stewart*, 6 Cl. & Fin., 964, 971; Broom's Leg. Max., 250, 261, 263; 1 Story's Eq. Jur. [6th ed.], chap. 5; *Jenkins* v. *Van Schaick*, 3 Paige, 242.) The recitals in the deed and the prior proceedings did not operate as an estoppel on the defendant. (*Sparrow* v. *Kingman*, 4 N. Y., 242, 246; *Lee* v. *Addit*, 37 id., 95; *Fox* v. *Heath*, 16 Abb., 163; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 480; *Shapley* v. *Abbott*, 42 N. Y., 447; *Dezell* v. *Odell*, 3 Hill, 215; *Brown* v. *Bowen*, 30 N. Y., 541; *Kellogg* v. *Ames*, 41 id., 264; *Ames* v. *N. Y. W. Ins. Co.*, 14 id., 253; *Plumb* v. *Cat. Ins. Co.*, 18 id., 392; *Rowley* v. *Em. Ins. Co.*, 3 Keyes, 560; *Malloney* v. *Horan*, 49 N. Y., 111; *Hutchins* v. *Hebbard*, 34 id., 24–27; *Lawrence* v. *Brown*, 5 id., 401.) The court has no power to determine that, under the deed in question, defendant can be compelled to execute a confirmatory conveyance to plaintiff. (1 R. S., 738, § 140; *Jackson* v. *Bull*, 1 J. Cas., 81; *Jackson* v. *Murray*, 12 J. R., 201; *Jackson* v. *Stevens*, 13 id., 316; *Jackson* v. *Hubble*, 1 Car., 613; *Dwight* v. *Pearl*, 24 Barb., 55; *Miller* v. *Parsons*, 9 J. R., 336; *Rogers* v. *Cruger*, 7 id., 557; *Eagle F. Ins. Co.* v. *Lent*, 6 Paige, 635.) Defendant was not responsible for or estopped by plaintiff's error in relying upon the advice of his counsel and omitting to set up his claim to the premises in the partition suit. (*Merchants' Bk.* v. *Spaulding*, 12 Barb., 302; *Tilton* v. *Nelson*, 27 Barb., 595; *Renard* v. *Fiedler*, 3 Duer, 318, 324.) It was error to admit parol testimony to show in what manner the allotments of the property to the parties in interest were made. (*Rex* v. *Smith*, 3 B. & C., 502.)

REYNOLDS, C. This action was brought to restrain the defendant from prosecuting in the Superior Court of the city of New York an action of ejectment to recover the possession of certain land in that city, the title to which is in dispute between the parties. The plaintiff prevailed before the

referee, but the Supreme Court dismissed the complaint, and from the judgment entered therein this appeal is taken.

In any possible view which can be taken of this case, the judgment appealed from must be affirmed. If the defendant had title to, and was entitled to the possession of the property, to recover which the action was brought in the Superior Court, then it is very clear that this action cannot be maintained. If, on the contrary, the plaintiff had any defence to the action, legal or equitable, it might have been interposed, and, if made out, the plaintiff therein would have been defeated. The proposition that a separate action may, under our present system, be maintained to restrain by injunction the proceedings in another suit, in the same or in another court, between the same parties, where the relief sought in the later suit may be obtained by a proper defence to the former one, has long since been exploded, or, if not, should be without delay. (*Sheehan* v. *Hamilton*, 2 Keyes, 304 ; *Winfield* v. *Bacon*, 24 Barb., 154 ; *Schell* v. *Erie R. Co.*, 51 id., 368 ; *Dobson* v. *Pearce*, 12 N. Y., 156–165 ; *Cummings* v. *Morris*, 25 id., 625 ; *Pitcher* v. *Hennessey*, 48 id., 415–422.)

It is said that a party having a good equitable defence to an action of ejectment is not absolutely bound to interpose it, but is at liberty to resort to some form of remedy by way of injunction in another suit. If this be admitted for the sake of argument, it must be remembered that the remedy by injunction rests very largely in the discretion of the court, and that judicial discretion would not probably be exercised where a party had, in some other form, abundant means for the protection of his rights, which, without excuse, he neglected to assert. The remedy by injunction is supposed to be an extraordinary one, to be resorted to, as a general rule, only where an injury, without adequate redress, may result if the writ be not employed, and this does not appear to me to be any such case.

While we are entirely clear that the plaintiff cannot prevail upon the question of practice and form of proceeding,

we have looked into the case to see if there was any substantial merit in the plaintiff's claim, and we find none to induce us to disturb the judgment given in the court below. The land in controversy was a part of the estate of Francis Child, who, by his will made in 1826, devised this lot with others to his widow for life, with the remainder to his children and grandchildren. He died, leaving his widow, Mary Child, and three daughters, Jane, Caroline and Josephine. Jane married Stephen Reed and died without issue. Caroline married the plaintiff in this action and left two children. Josephine, about the year 1844, married Henry L. Parsons, and died intestate in 1847, leaving the present defendant, her only child, surviving. This condition of things vested the defendant with all the interest of her mother in the estate of Francis Child, which, of course, was subject to the life estate of her grandmother, Mary Child, and the estate, by the curtesy of her father, Henry L. Parsons, who is now dead. In the year 1840 Mary Child commenced proceedings in the Court of Chancery for the partition of the estate of Francis Child, which resulted in a decree awarding the lot in controversy to the mother of the defendant, and the defendant, upon the death of the mother, succeeded to all her rights in the premises. In March, 1847, Reed and wife filed in chancery a bill of review against Mary Child and all parties in interest, including the present plaintiff and his two children, the defendant and her father. The present plaintiff duly answered in that suit, and the defendant being then an infant answered by her guardian *ad litem*. The result of that suit was that, in December, 1848, it was decreed that all the proceedings and judgment in the prior partition suit should be vacated and held for naught.

After the filing of the bill of review, as before stated, and in the year 1847, Henry L. Parsons, as the special guardian of the defendant, petitioned the Supreme Court that the lot of land in question be sold, and the proceeds applied to the use of the defendant, and this proceeding resulted in the conveyance by Henry L. Parsons, on the 29th of October, 1847,

of the lot in dispute to Mary Child, who on the 30th of March, 1848, conveyed it to the plaintiff. This appears to have been the first connection of the plaintiff with this particular lot, and it was, of course, taken with full knowledge of the object of the bill of review, for all concerned in the sale of the interest of the defendant were parties to that proceeding. It is scarcely necessary to add that, when the decree vacated the judgment in the prior partition, the plaintiff's title to the particular lot in dispute was invisible; and that he was bound by the proceeding and estopped by the judgment is beyond any question. Thereafter, and in April, 1849, Reed and wife brought a second proceeding by petition in the Supreme Court for the partition of the estate of Francis Child, including all the premises embraced in the first ineffectual partition, and, of course, lot No. 32, being that in controversy. The present plaintiff was made a party to that proceeding; was personally served with the petition and papers, and made default. The result was that judgment in partition was ordered, by which the premises sought to be recovered by the plaintiff were set off to the defendant.

In this condition of things, in April, 1851, the defendant brought an ejectment against the present plaintiff, who was in actual possession, and, thereafter, the plaintiff commenced this suit to restrain the prosecution of the ejectment in the Superior Court. We have already seen that, in point of mere practice, the proceeding cannot be maintained, and we think it equally clear that the plaintiff, by the several decrees and judgments to which he was a party, is forever estopped from any claim of title to the premises in dispute. He made no claim to the property in the second proceeding for partition, as he might have done, if any he had, and he must acquiesce in the determination that awarded the defendant the title.

The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.

A motion was made at the January term for reargument, upon which the following opinion was given.—REP.

REYNOLDS, C.   We ordered, at the last term, an affirmance of the judgment in this case upon two grounds, one that the plaintiff had misconceived his remedy, and the other that he was estopped by a judgment in a proceeding in partition, to which he was a party, from asserting title to the property in dispute.   It is now claimed that we were wrong on both the grounds stated, but more especially so in respect to the question of estoppel.   It might, perhaps, have been as well to have rested our judgment upon the proposition first suggested, and left the question of the estoppel to be considered in the Superior Court of the city of New York, without any intimation of our opinion upon that question, if the plaintiff should regard any further proceedings in that court necessary to the protection of his rights.   It is very certain that the decree, made upon the bill of review by Reed and wife against the plaintiff and other parties, to annul the first partition which he unsuccessfully defended, was conclusive upon him, and that its result divested him of all title he had apparently acquired, by the deed of Mary Child, to lot No. 32.   In the proceedings for the second partition he was made a party, and he was a proper party if he had any interest whatever in the premises; and it is provided by statute that, if any person interested in the premises, or having any claim by which he may become interested at any future time, has not been made a party to the proceedings, he may, notwithstanding, be permitted to appear and answer as a defendant by leave of the court.   (2 R. S., 319, § 15.)   So that he was a proper party, whether he had any present interest in the property or any claim by which he might in the future become interested. Upon the question of estoppel we are unable to see any difference, whether the partition is by an ordinary suit or by a proceeding on petition at law, as originally provided for in the revised statutes, which, in this case, was finally adopted. Proceedings in either form, if properly conducted, would

ordinarily conclude all rights of parties which might properly be the subject of consideration in the suit or proceeding.

We did not fail to observe that the plaintiff did, in the proceedings on bill of review, resist the setting aside of the first partition. This he did and was unsuccessful, and the decree in that suit put an end to all his title to lot No. 32, as is now admitted, and it is also urged, as a reason why he did not set up any claim to it in the last partition, that he in fact had no title to the lot, but that he had an equity to compel the defendant to convey the lot to him if it should, in the last partition (as it was), be set off to her in severalty. It seems sufficient to say that, if he had no title to the lot, no amount of alleged estoppel by judgment could do him any harm, and I think we had the impression that the supposed estoppel prevailed only as to the legal title. It may, indeed, be that any equities he is supposed to have, which could arise against the defendant only after the final decree in partition had been pronounced, would not be concluded by the record of that judgment, and, if it now be assumed that such is the exact condition of the plaintiff's right, it makes it only the more certain that he should have interposed, as he might, that affirmative defence in the action of ejectment brought against him, and demanded the relief to which he supposed himself entitled, and it furnishes a more satisfactory reason why our judgment, previously rendered, should not be disturbed.

The circumstance that a party to an ejectment suit may, within a limited period, upon payment of costs, have a new trial as a matter of course, has not the remotest influence upon the present question so far as we can discover.

The motion must be denied, with ten dollars costs.

All concur.

Motion denied.