Robert S. Kip et al., Appellants, *v.* The New York and Harlem Railroad Company, Respondent.

The fact that a railroad corporation is in possession of lands as lessee under an unexpired lease is no impediment to proceedings on its part under the general railroad act to acquire title in fee; the condemnation of the title does not impair the obligation of a covenant to surrender, or any other covenant in the lease, but simply transfers them with the title.

Where, after the commencement of proceedings by a railroad corporation to acquire title to lands, it leases its road to another company for a long term of years, the lease does not, *per se*, operate to abrogate the proceedings; the land sought to be condemned may be as necessary, for the purposes of the corporation instituting the proceedings, after as before the lease; but if the necessity is only in favor of the lessee, it is competent for it to continue the proceedings in the name of the lessor.

(Argued October 2, 1876; decided November 14, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department in favor of defendant, entered upon an order reversing an order of Special Term which overruled defendant's demurrer to the complaint herein, and directing judgment upon the demurrer. (Reported below, 6 Hun, 24.)

This action was brought to restrain the defendant from further prosecuting proceedings commenced by it to condemn certain lands owned by plaintiffs in the city of New York, under the provisions of the general railroad act, as amended in 1869. (Chap. 237, Laws of 1869.)

The original complaint alleged, in substance, that, in 1858, plaintiffs executed to defendant a lease of the premises in question for the term of twenty-one years, with a covenant, on the part of the lessee, to surrender on the termination of the lease; that there were seven years unexpired of said term; that the act above referred to had no application to property so held under a lease; nor could proceedings be instituted until after the expiration of the lease, as otherwise it would impair the obligation of the covenants in the lease. A supplemental complaint was filed and served,

alleging that, in 1873, defendant leased its road, and all its rights, franchises and privileges, to the New York Central and Hudson River Railroad Company for the term of 401 years, and also assigned and transferred the lease from plaintiffs. It was claimed that, by means of such lease, assignment, etc., defendant waived and abrogated all right or interest to prosecute said proceedings, and terminated the necessity therefor.

The demurrer was to the original and supplemental complaint, that they did not state facts sufficient to constitute a cause of action.

*Elbridge T. Gerry* for the appellants.    Defendant having absolutely conveyed to a third party Kip's lease, with full power of sale and disposal in its discretion, has no longer any interest therein or necessity therefor.    (*N. Y. and H. R. Co.* v. *Kip*, 46 N. Y., 551 ; *R. and S. R. R. Co.* v. *Davis*, 43 id., 137.)    Defendant has no longer right or power to prosecute the proceedings heretofore instituted by it, under the act of 1869, to acquire the title to the premises in question.    (*R. and S. R. R. Co.* v. *Davis*, 43 N. Y., 137 ; *Adams* v. *Sar. R. R. Co.*, 10 id., 328.)

*W. A. Beach* for the respondent.    Defendant still operates its road as regards the State and its franchises.    (*Conhocton Stone Co.* v. *B., N. Y. and E. R. R. Co.*, 52 Barb., 390 ; *Moody* v. *Mayor*, 34 How. Pr., 288 ; *Benson* v. *Suarez*, 43 Barb., 408.)    This court will not interfere by injunction to stay special proceedings when the ground upon which it is asked can be there litigated.    (*Bean* v. *Pettingill*, 2 Abb. [N. S.], 59 ; *McGure* v. *Palmer*, 5 Robt., 607 ; *Seibach* v. *McDonald*, 21 How., 224.)

CHURCH, Ch. J.    This action was brought to restrain the defendant from further prosecuting special proceedings instituted to condemn certain real estate in New York city.    The plaintiffs had contested the proceedings upon the ground that

there was no necessity for the appropriation of the land, but the litigation resulted in an order appointing commissioners, which was affirmed by this court. (46 N. Y., 546.) The original complaint in this action was based upon the allegation that a judgment was sought under the act of April 17, 1869, under which the proceedings were instituted, the effect of which would be to impair the obligation of the covenant in the lease under which the defendant occupies the premises for the surrender thereof at its expiration by which the plaintiffs would be largely damnified in being deprived of the use of the land until the expiration of the lease, and was therefore in violation of the United States Constitution. This point was made when the proceedings were before this court, and the decision necessarily adjudicated it adverse to the views of the plaintiffs. But aside from this it is very clear that the exercise of the right of eminent domain, either in condemning the title or the lesser estate, held by virtue of the lease, or both, in no sense would operate to impair the obligation of the covenant to surrender, or any other covenant in the lease. The rights of the plaintiffs in the land and in the lease are held as the property of all citizens is held, subject to the exercise of the power of eminent domain by the State. If the title to the land is acquired, the covenant to surrender to the plaintiffs is not impaired, but only transferred to the person or corporation acquiring the title. The owner would then be entitled to such surrender the same as if the plaintiffs had voluntarily sold and conveyed the premises. If the lesser estate is also condemned, the plaintiff's interest would be extinguished upon payment of full compensation. The lease furnishes no impediment to the acquisition of either. Nor does the circumstance, that the lessee is the party seeking the condemnation, affect the right to acquire the property in this way. There is no principle of estoppel applicable to the case, and the proceedings are not inconsistent with the rights of either party under the lease. The property of the plaintiffs is not confiscated, but is taken for public use and paid for.

In the supplemental complaint the plaintiffs allege the

leasing of the defendant's road and property to the New York Central and Hudson River Railroad Company for 401 years, and claim that such lease operated to abrogate the pending proceedings to condemn the land in question, and terminated and removed all necessity for the acquisition thereof for the corporate use of the defendant.

In this I think the learned counsel for the plaintiff is mistaken. The lease did not affect the defendant as a corporation in its relations to the State. The same necessity existed for the land proposed to be condemned after as before the lease for the purposes of the defendant as a corporation.

The allegations of the complaint are not that in fact the necessity has ceased, but that such is the legal effect of the lease of the road. Facts are admitted by a demurrer, but not conclusions of law, and the fact of a want of necessity is not admitted. It is said that the lessee may need the land, but the lessor does not, and that as the matter now stands it appears that a necessity *did*, but *does not now exist* in favor of the defendant.

For aught that appears, the same necessity exists now as did before the lease of the road, for this land, and it is legally appropriate to affirm that it exists in favor of the defendant, notwithstanding the lease.. But if the necessity is only in favor of the lessee, it is a necessity for taking this land to operate the defendant's road for public use, and it is competent for the lessee to continue the proceedings in the name of the defendant. This results from the legal relation of the parties to the subject-matter of the controversy. The act of 1869, before referred to, confirms this view, and expressly authorizes proceedings to condemn land by either the original company or the lessee. It follows that the proceedings to condemn the land in question are not affected by the lease of the road. We concur substantially with the opinion in the court below, and it is unnecessary to elaborate the questions involved.

The judgment of the General Term must be affirmed.

All concur; Allen and Rapallo, JJ., not sitting.

Judgment affirmed.