REIS v. GRAHAM et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. INJUNCTION—EXISTENCE OF OTHER REMEDY.

A suit to enjoin another action and for an accounting cannot be maintained; the matters set up in the complaint not calling for equitable relief, but being purely defensive, and in substance the same as set up in the answer in the action sought to be enjoined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 35.]

2. SAME—CHANGE OF VENUE.

Injunction will not lie for the purpose of effecting a change of venue in another action. Motion in the other action for the change is the proper remedy.

Appeal fom Special Term, Chemung County.

Action by Moses Reis against Andrew J. Graham and others. From an order denying the motion of certain defendants to vacate an injunction, they appeal. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Douglass & Kinter (Henry B. Cory, of counsel), for appellants.
D. C. Robinson, for respondent.

JOHN M. KELLOGG, J. One Beardsley contracted to make certain alterations and improvements in the theater belonging to one Robinson, as trustee, and Beardsley contracted with the Andrews Company to install for him the opera chairs in said theater, and the defendant Robinson guaranteed the performance of said contract on the part of said Beardsley. About the time for the delivery of the chairs, the Andrews Company insisted that Moses Reis must accept drafts for the amount to become due to it upon the contract, and to bring about a fulfillment of the contract the said Reis accepted the drafts in suit, which were subsequently transferred to one Graham, who brought an action in New York county against said Reis on said acceptances, claiming that he was a holder for value. Reis defended that action,

claiming that by a subsequent understanding between Beardsley and the Andrews Company the chairs were not installed until four days after the time mentioned in the original contract, that the same was done without his consent, that he was an accommodation acceptor, that the defendant was thereby discharged from liability, and that certain of the chairs did not comply with the contract, and denied that Graham was a holder for value. The chairs were installed and are now in use in the theater.

When the New York action was upon the calendar ready for trial, and just before the trial day, this action was brought, with the venue in Chemung county, by Reis against the said Graham, his attorneys in the New York action, and others, alleging substantially the same matters set up in his answer in the New York action, and asking that that action be enjoined and an accounting had between the parties, and a temporary injunction accompanied the summons and complaint in that action restraining the prosecution of the New York action. The Andrews Company and Graham, the plaintiffs in the former action, were nonresidents of the state and were not served. Service was made upon Graham's attorneys, who made the application to vacate the injunction, and who bring this appeal.

The complaint in this action, in substance, alleges the same matters that are set up as a defense in the New York action, and, if there are any merits in the matters alleged, they are fully available as a defense in that action. They are not matters calling for equitable relief, but are purely defensive. No fact appears in the affidavits or moving papers indicating the propriety or necessity of bringing the action in Chemung county, or of enjoining the prosecution of the New York action. A change of venue is obtained by motion in the action, rather than by injunction in another action.

The order appealed from should be reversed, with costs, and the motion to vacate the injunction granted, with $10 costs. All concur.