Ethel M. Colson, Appellant and Respondent, *v.* Naomi L. Pelgram et al., Respondents, and Charles R. Pelgram, 2d, et al., Respondents and Appellants.

(Argued June 21, 1932; decided July 19, 1932.)

*Charles L. Craig* for plaintiff, appellant and respondent. The will confers the power and imposes the duty upon the remaining trustee to name a successor to be appointed to fill the vacancy caused by the death of the co-trustee. (Surr. Ct. Act, § 168; *People ex rel. Otsego County Board* v. *Board of Supervisors,* 51 N. Y. 401; *People ex rel. Conway* v. *Board of Supervisors,* 68 N. Y. 116; *Towler* v. *Towler,* 142 N. Y. 371; *Stanley* v. *Payne,* 65 Misc. Rep. 77.)

*Colley E. Williams* for Elizabeth F. Stone et al., defendants, respondents and appellants. The Supreme Court, upon a proper application and notice to the parties interested, has unlimited power to appoint a co-trustee to fill the vacancy. (*Bronson* v. *Bronson,* 48 How. Pr. 481; *Ludwig* v. *Bungart,* 48 App. Div. 613; *Matter of Runk,* 200 N. Y. 447; *Lawrence* v. *Littlefield,* 215 N. Y. 561; *Matter of Tilden,* 118 Misc. Rep. 729.) Exclusive jurisdiction to appoint a successor trustee is in the Supreme Court, Westchester county, where the Supreme Court's jurisdiction was first invoked. (*Bronson* v. *Bronson,* 48 How. Pr. 481; *Finlay* v. *Finlay,* 240 N. Y. 429; *Reise* v. *Graham,* 122 App. Div. 312; *Pond* v. *Harwood,* 139 N. Y. 111; *Schuehle* v. *Reiman,* 86 N. Y. 270; *Producers Royalty Co.* v. *Ottinger,* 129 Misc. Rep. 694.)

*Herbert Noble* for Charles R. Pelgram, 2d, et al., defendants, respondents and appellants. The Surrogate's Court of New York county, and not the Supreme Court, Westchester county, or New York county, is the proper tribunal in which to seek the appointment of a co-trustee. (*Matter of Smith,* 120 App. Div. 199; *Post* v. *Ingraham,* 122 App. Div. 738; *Evans* v. *Appell,* 211 App. Div. 105; *Borrowe* v. *Cashin,* 31 App. Div. 172; 165 N. Y. 634; *Moore* v. *De Groote,* 158 App. Div. 828; *Schley* v. *Donlin,* 131 Misc. Rep. 208; *Meeks* v. *Meeks,* 51 Misc. Rep. 538; *Matter of Runk,* 200 N. Y. 447.)

*Harold R. Medina* for Alfred E. Ommen, as trustee, respondent.

*Charles H. Street* for Naomi L. Pelgram, respondent.

HUBBS, J. Under the last will of Eliza M. Pelgram, deceased, two individuals were named and appointed executors and trustees thereof. The will also provided that, in case of a vacancy, the surviving executor and trustee should name the successor to be appointed to fill the vacancy. One of the persons named as executor and

trustee renounced the appointment, and the other named and caused to be appointed Caroline M. Fleming as co-trustee. Thereafter, the executor and trustee named in the will died, and the surviving trustee petitioned the Surrogate's Court of New York county to appoint Alfred E. Ommen in his place and he was duly appointed.

Thereafter, Caroline M. Fleming died and Alfred E. Ommen continued for about two years to act alone. He contended that it was discretionary with him whether a co-trustee should be appointed. He also believed that he had no power under the will to name a co-trustee. In November, 1929, the defendants and appellants, Elizabeth Fleming Stone and Raoul Pelgram Fleming, beneficiaries under the will, duly commenced a proceeding in the Supreme Court, Westchester county, for the appointment of a successor trustee. They were then and now are residents of that county. All of the parties to this action were made parties to that proceeding and duly served with notice thereof. On December 17th, about eighteen days after the proceeding was started in Westchester county, the plaintiff commenced this action for a declaratory judgment in the Supreme Court, New York county. The parties to this action are the same as in the prior proceeding.

The plaintiff obtained an injunction *pendente lite* restraining the petitioners in the prior proceeding from proceeding further therein. The injunction has been made permanent in the judgment in this action. The complaint therein prayed for a judgment declaring:

1. That Alfred E. Ommen, acting trustee, is vested with the power to name a successor trustee and that it is his duty to do so.

2. If it be decided that he is not vested with such power, then that jurisdiction to appoint a successor trustee is in the Surrogate's Court of New York county.

3. That an injunction be granted restraining all defend-

ants from prosecuting any action or proceeding for the appointment of a successor trustee.

The Appellate Division has decided that the Supreme Court has jurisdiction to appoint a successor trustee; that Alfred E. Ommen, the remaining trustee, has not the power to name a successor trustee and that two trustees are required. We are in full accord with the conclusion reached by the Appellate Division upon those questions.

It also affirmed the judgment of the Special Term in so far as it granted the injunction prayed for in the complaint and it named and appointed a successor trustee.

We have reached the conclusion that the complaint should have been dismissed upon the ground that at the time of the commencement of this action, there was pending a proceeding in the Supreme Court, Westchester county, between the same parties in which all of the questions properly involved herein could have been determined.

The prior proceeding was properly commenced in the Supreme Court, Westchester county. That was the place of residence of the petitioners therein. All of the parties to this action were duly served with process in that proceeding. All jurisdictional facts were alleged in the petition and the Supreme Court of that county had assumed jurisdiction by making proper orders in that proceeding. A successor trustee can be properly appointed in a proceeding commenced by petition. (*Bronson* v. *Bronson*, 48 How. Pr. 481; *Finlay* v. *Finlay*, 240 N. Y. 429.)

The answer of the defendants who were the petitioners in the prior proceeding set up the fact of the pendency of the prior proceeding and prayed that the complaint be dismissed. No substantial questions of fact were involved and the complaint should have been dismissed.

If the plaintiff were seeking a change of venue by commencing this action and procuring an injunction restraining the prosecution of the prior proceeding as indicated

by the argument of plaintiff's counsel, the practice is not justified. (*Reis* v. *Graham*, 122 App. Div. 312; *Cheney* v. *Schuyler*, 20 N. Y. Supp. 546.)

Under our system of jurisprudence it has long been held that an action in the same court between the same parties cannot be maintained to restrain the prosecution of another action in the same court unless it is manifest that full justice cannot be obtained in the first action and the relief which the plaintiff seeks in the second action cannot be obtained under a defense or counterclaim in the first action.

The reason for the rule is obvious. It is conducive to economy, and lack of friction between courts, saves labor and annoyance and leads to the orderly administration of justice. There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action. (*Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *Savage* v. *Allen*, 54 N. Y. 458; *Pond* v. *Harwood*, 139 N. Y. 111.)

It is also the general rule that where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (*Schuehle* v. *Reiman*, 86 N. Y. 270; *Garlock* v. *Vandevort*, 128 N. Y. 374.)

We know of no principle which requires a different rule where the litigation is commenced by petition rather than by a summons. The reasons for the law governing actions applies with full force and no distinction has been made by the courts. (*Perault* v. *Rand*, 10 Hun, 222; *People* v. *Wasson*, 64 N. Y. 167; *Kip* v. *N. Y. & Harlem R. R. Co.*, 6 Hun, 24; affd., 67 N. Y. 227; *Garlock* v. *Vandevort*, *supra*.)

That the Supreme Court, acting under the broad powers conferred upon it by the Constitution (Const. art. VI, § 1), has jurisdiction in a proper case to enjoin the prosecution

of a prior action or proceeding cannot be successfully questioned. (*Erie Ry. Co.* v. *Ramsey, supra; Pond* v. *Harwood, supra.*)

That power cannot, however, be arbitrarily exercised. It is only when facts appear which bring the case within the well-established rules for the administration of equity that the court is authorized to grant the extraordinary relief of injunction to prevent the prosecution of a prior action or proceeding in the same court.

It is elementary that courts should exercise the power to issue an injunction restraining the prosecution of a prior suit only in cases where the necessity therefor is clearly established.

The necessity for the exercise of such power which formerly existed under the old common-law practice has largely ceased to exist under the modern code practice under which equitable defenses may be interposed in law actions and jurisdiction is now only exercised under special circumstances to prevent a failure of justice. (4 Pomeroy's Equity Jurisprudence [4th ed.], § 1370.)

In the case at bar no special circumstances exist which justified the granting of the injunction restraining the prosecution of the prior proceeding. All of the relief which the plaintiff seeks in this action can be awarded in the prior proceeding.

Before the court in the prior proceeding can appoint a succeeding trustee, it must determine whether the will vests that power in the remaining trustee; whether the will requires that two trustees act; whether the court has jurisdiction to make the appointment or whether that court and the Surrogate's Court of New York county have concurrent jurisdiction, and, if so, whether it will exercise its discretion to assume jurisdiction. Those are the only questions involved in this action and they can all be properly determined in the prior proceeding.

" The grant of a temporary injunction is usually discretionary; but not so with a decree allowing a perpetual stay." (*Pond* v. *Harwood, supra,* at p. 117.)

Where there is an entire lack of legal justification for an action brought to secure an injunction staying a prior action, and such relief has been granted, the judgment should be reversed and the complaint dismissed. (*Savage* v. *Allen*, 59 Barb. 291; affd., 54 N. Y. 458; *Wallack* v. *Society for Reformation of Juvenile Delinquents*, 67 N. Y. 23.)

Rule 212 of the Rules of Civil Practice provides that a court may decline to pronounce a declaratory judgment in its discretion and leave the parties to obtain relief under existing forms of action. The discretion to be exercised is a judicial discretion. Under the facts in this case, the court should have declined to entertain jurisdiction for the reasons stated.

The judgments should be reversed and the complaint dismissed, with costs payable out of the estate to all parties who appeared separately and filed briefs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; CRANE, J., not sitting.

Judgment accordingly.