MARIE BOYAJIAN, Appellant, v. KASPER BOYAJIAN, Respondent.— Plaintiff appeals from an order [two orders] of the Special Term of the Supreme Court of Rensselaer county. In July, 1938, defendant brought an action for annulment against the plaintiff in the Supreme Court, county of Rensselaer. Shortly thereafter, plaintiff brought an action for separation in the same county. The trial of the annulment action resulted in a judgment dismissing the complaint on the merits. After the institution of the separation action, plaintiff moved to New York, and that action having been reached for trial, it was dismissed on motion of defendant for failure to prosecute, and the complaint was dismissed, with costs. Thereafter, plaintiff commenced an action against the defendant in the Supreme Court of New York county for a separation. The defendant, on April 11, 1940, procured an order to show cause in the original separation action in Rensselaer county, returnable the following day, why an order should not be granted vacating and setting aside the judgment dismissing the complaint in the Rensselaer county action, and restoring the case to the Trial Term calendar in that county. It appears that no notice was given plaintiff or her present attorney, although the show cause order provided that service be made upon the former attorney, whose services it would seem had already terminated by the entry of the judgment dismissing plaintiff's complaint. In defendant's affidavit in support of the order to show cause, he set forth that he wished the judgment dismissing the complaint to be vacated and set aside " for the reason that deponent desires a determination upon the merits of this action." The Special Term granted an order vacating and setting aside the dismissal of the complaint and restoring the case to the Trial Term calendar. Thereafter, defendant secured an order to show cause in the Supreme Court, Rensselaer county, why the action in New York county should not be consolidated with the alleged revived Rensselaer county separation action and pending the determination of such motion, why the proceeding on the part of plaintiff in the New York county action should not be stayed. Upon receipt of defendant's motion papers, plaintiff obtained an order to show cause why the order which vacated and set aside the dismissal of the complaint should not be vacated and set aside. Both motions were heard together, and the Special Term handed down decisions granting defendant's motion for consolidation and denying the plaintiff's motion to vacate and set aside the order which vacated the dismissal of the complaint in the Rensselaer county separation action. Orders

were thereupon entered, on which this appeal is taken [plaintiff's motion to resettle having been denied]. ° We think plaintiff's motion to vacate and set aside the order of April 12, 1940, which vacated and set aside judgment dismissing the complaint and reviving and continuing the action for separation should have been granted. The entry of judgment dismissing the complaint terminated plaintiff's action in Rensselaer county. Plaintiff had a right to commence a new action in New York county, that being a proper county, and to revive and continue the Rensselaer county action at the instance of the defendant after plaintiff had commenced the New York action was improper. The orders appealed from should be reversed. Order of April 19, 1940, reversed in all things, with ten dollars costs and disbursements. Motion by plaintiff to vacate the order setting aside judgment in separation action in Rensselaer county granted, with ten dollars costs. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.