MARIE BOYAJIAN, Plaintiff, *v.* KASPER BOYAJIAN, Defendant.
Supreme Court, Special Term, New York County, June 28, 1943.

*Stephen A. Yeghiaian* for plaintiff.
*John P. Weatherwax* for defendant.

CHURCH, J. Motion by the plaintiff for a temporary injunction is granted. The parties to this action were married in California on January 22, 1938. Immediately thereafter they became residents of this State, living in the city of Troy. In July, 1938, this defendant commenced an action in this court, Rensselaer County, for an annulment of the marriage, claiming misrepresentations as to the previously chaste character of his wife, and upon a trial of the issues this plaintiff had judgment dismissing her husband's complaint. During the pendency of the annulment action this plaintiff commenced an action for a separation in the Supreme Court, Rensselaer County, but, as she had been obliged by lack of funds to live with friends in this city, her action was dismissed for failure to attend for trial. Thereafter she commenced an action for separation in this court, in this county, and motion papers for alimony and counsel fees were served on this defendant on or about April 6, 1940. On

April 12, 1940, this defendant, as the defendant in this plaintiff's separation action, moved in Rensselaer County to open the default of this plaintiff in her action in which a judgment of dismissal had been obtained. His motion was granted but the order was reversed by the Appellate Division of this court for the third judicial department (260 App. Div. 891). This defendant then attempted by motions to change the venue of trial of the plaintiff's separation action from this county to Rensselaer County but his motions were denied and plaintiff's motion to retain the cause here was granted. It is not necessary to review here the various defaults of the defendant to obey orders of this court concerned with the support of the plaintiff or the legal steps taken by her to enforce such orders. Her separation action was tried in May, 1941, resulting in judgment in her favor which was entered in the office of the clerk of this county on May 12, 1941, although a certified copy of the decree could not be served on the defendant until February, 1942, due to his alleged evasion of service of the judgment. This plaintiff thereafter was compelled to bring a further action to set aside the alleged fraudulent transfer of insurance policies by her husband to his sister, in which action a consent judgment was entered settling the case. In the course of that action the defendant was examined before trial on June 3, 1942, and it is alleged he testified, under oath, that he had resided in Troy, New York, from June, 1939, up to the date of the examination. It appears, however, that on July 15, 1941, this defendant, in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida, obtained a decree of divorce from this plaintiff on the grounds of desertion. The plaintiff alleges she did not appear in that action, nor did she receive any notice, paper or process therein. She claims that this defendant, in the Florida action, deliberately and with the intent to defraud the court, stated this plaintiff's address to be in Troy, N. Y., at an address where these parties lived for a short time in the year 1938. This defendant did not disclose to the Florida court the existence of the decree of separation of this court. The defendant has now commenced an action in the Supreme Court, Rensselaer County, for a declaratory judgment based upon the Florida decree, and in this motion the plaintiff seeks to restrain his prosecution of that action and all proceedings to enforce the Florida decree. That this court, acting under the broad powers conferred upon it by the Constitution (N. Y. Const., art. VI, § 1), has jurisdiction to enjoin the prosecution of a prior action or proceeding cannot be successfully questioned. (*Colson* v. *Pelgram*, 259 N. Y. 370, 375, and

cases therein cited.) The orderly administration of justice supports the rule ordinarily applied that an action in the same court between the same parties to restrain the prosecution of another action is not maintainable unless full justice cannot be obtained in the first action. (*Colson* v. *Pelgram, supra.*) To apply strictly the general rule in the situation here presented would not promote the orderly administrative functions of the court. The defendant, in the action which he now seeks to bring in this court in Rensselaer County, is attempting to review the final decree on the merits given by and entered in an action in this court, in this county, which has been held to be the proper venue. To deny this motion would be to make a mockery of the true administration of justice by the Supreme Court of this State. In the exercise of discretion the motion for an injunction *pendente lite* is granted. Submit order with notice of settlement not later than 10 A. M., Thursday, July 1, 1943.